[Civ. No. 31090. First Dist., Div. Three. June 15, 1973.]

E. L. McKINNEY et al., Plaintiffs and Appellants, v.
FARMERS INSURANCE EXCHANGE, Defendant and Respondent.

948

## COUNSEL

William D. Corbett for Plaintiffs and Appellants.

Harry L. Ducey and Crosby, Heafey, Roach & May for Defendant and Respondent.

## OPINION

**BROWN (H. C.), Acting P. J.**—E. L. McKinney and his son, Donald L. McKinney, brought an action for declaratory relief to establish that defendant insurer was liable under its uninsured motorist coverage for injuries to the named insured's son. Judgment went for the insurer on the ground that the accident was one which would come within the exemptions of the mandatory insurance coverage required by statute. It is concluded that the statutory exemption could not be applied to the policies in question without notice to the named insured because the policy itself requires notice of any decrease in coverage.

■ There is but one issue presented on this appeal. Does section 11580.2, subdivision (c) (6) of the California Insurance Code, as amended November 13, 1968, operate to restrict the uninsured motorist coverage in the policies involved herein without notice to the named insured?

There is no dispute on the facts. Appellant E. L. McKinney had two insurance policies with respondent Farmers Insurance Exchange which provided uninsured motorist benefits up to the sum of $15,000 under each of the two policies which were in full force and effect at the time of the accident described herein. Both policies extend uninsured motorist coverage to relatives of the named insured living in the same household.

The appellant Donald L. McKinney was a resident in his father's household at the time he was involved in an accident with an uninsured motorist. Donald McKinney was driving his own automobile, which was registered in his own name and was not insured.

The respondent concedes that the insurance policies of E. L. McKinney would have·provided uninsured motorist coverage for appellant but for the November 13, 1968 amendment to section 11580.2 of the Insurance Code which, respondent contends, effected an automatic amendment to the policy without the need of notice to the insured. Section 11580.2, subdivision (c)(6) reads as follows: "(c) The insurance coverage provided for in this section .does not apply:

.   .   .   .   .   .·   .   .   .   .   .   .   .   .   .   .   .   .

(6) To bodily injury of the insured while occupying a motor vehicle owned by an insured, unless the occupied vehicle is an insured motor vehicle."

It is first to be noted that the insurance coverage provided for by section 11580.2 is a mandatory *minimum* uninsured motorist coverage which every policy must provide by law.* Thus, a policy which purports to provide a more restrictive coverage than that set forth in the statute will not be given effect. For example, in *Lopez* v. *State Farm Fire & Cas. Co.,* 250 Cal. App.2d 210 [58 Cal.Rptr. 243], this court held that a policy provision excluding from such coverage a family member who owns a private passenger automobile could not be effective when section 11580.2 did not omit such coverage.

Section 11580.2, however, cannot be read to allow only the minimum coverage and no more. Therefore, the exclusion of insureds injured while occupying an uninsured motor vehicle owned by themselves must be found in the policy itself in this case. Respondent argues that the exclusion is included in the policy by virtue of the following provision which is set forth in the policy under "Special Provisions Applicable to Part II [Uninsured Motorist Coverage]": "(4) Conformance to Statute: The insuring agreements, exclusions and conditions·of this policy applicable to this Part

---

*The pertinent provision of section 11580.2 reads as follows: "(a) No policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be issued or delivered in this state to the owner or operator of a motor vehicle, or shall be issued or delivered by any insurer licensed in this state upon any motor vehicle then principally used or principally garaged in this state, unless the policy contains, or has added to it by endorsement, a provision with coverage limits *at least equal* to the financial responsibility requirements specified in Section 16059 of the Vehicle Code insuring the insured, his heirs or his legal representative for all sums within such limits which he or they . . . shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle. The insurer and any named insured, prior to or subsequent to the issuance or renewal of a policy, may, by agreement in writing, . . . delete the provision covering damage caused by an uninsured motor vehicle (1) completely, or (2) with respect to a natural person or persons designated by name when operating a motor vehicle. . . ." (Italics added.)

II are pursuant to the provisions of Division 2, Part 3, Chapter 1, Article 2, of the Insurance Code of the State of California, and in the event of any change or amendment in the provisions of that article, these insuring agreements, exclusions and conditions shall be deemed to be amended to conform therewith."

To permit an amendment of the policy to delete coverage without notice to the insured would, however, violate the provisions of the policy which purport to apply to all coverages. Thus, paragraph number (5) captioned "Cancellation" in the policy, applying to cancellation of the policy or reduction of the coverage, requires 10 days' notice to the insured; paragraph number (3) captioned "Changes" requires an endorsement to the policy; and paragraph number (21) captioned "Policy Revision" requires that, if the policy being issued be revised in any other respect, 20 days' notice of such revision must be given the insured.

An interpretation of the conforming clause to require notice does not render that clause inoperative. The specific exemption of section 11580.2, subdivision (c)(6) would not take effect at all without the conforming clause because, as discussed above, section 11580.2 is a minimum coverage only. The function of the conforming clause is to express the intention of the parties that coverage under the policy conform to the minimum coverage as described in the statute. It is not contrary to this intent to provide for notice when the coverage is to be changed to conform to a statutory change.

Respondent urges that the conditions in the policy requiring notice are general conditions, whereas the conforming clause which does not specify notice is a special provision applicable only to the uninsured motorist coverage. Code of Civil Procedure section 1859 provides that ". . . when a general and particular provision are inconsistent, the latter is paramount to the former. . . ." This code section applies to the determination of legislative intent and while it would be applicable to the interpretation of insurance policies insofar as it expresses a general rule of interpretation, this court must also be guided by rules peculiar to the interpretation of insurance policies. These rules have been recently summarized by the California Supreme Court as follows: ". . . Any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer. If semantically permissible, the contract will be given such construction as will fairly achieve its manifest object of securing indemnity to the insured for the losses to which the insurance relates. Any reasonable doubt as to uncertain language will be resolved against the insurer whether that doubt relates to the peril insured against or other relevant matters. [Citation.] The policy

should be read as a layman would read it and not as it might be analyzed by an attorney or an insurance expert. [Citation.] An exclusionary clause must be conspicuous, plain and clear [citation] and must be construed strictly against the insurer and liberally in favor of the insured [citations]." (*Crane* v. *State Farm Fire & Cas. Co.,* 5 Cal.3d 112, 115-116 [95 Cal. Rptr. 513, 485 P.2d 1129, 48 A.L.R.3d 1089].)

Under the above rules, any inconsistency between the clauses requiring notice and providing for conformance to statute must be resolved in favor of the insured. It is concluded that the policy itself requires notice to the named insured before effect may be given to any decrease in the uninsured motorist coverage, including any decrease pursuant to a legislative change.

The judgment is reversed.

Caldecott, J., concurred.