[Civ. No. 32529. First Dist., Div. One. Jan. 10, 1975.]

CALIFORNIA STATE AUTOMOBILE ASSOCIATION, INTER-INSURANCE BUREAU, Plaintiff and Appellant, v. BISHOP COHEN, Defendant and Respondent.

COUNSEL

Hutchins & Yank and Robert W. Yank for Plaintiff and Appellant.

Claude O. Allen and Richard Platz for Defendant and Respondent.

OPINION

MOLINARI, P. J.—California State Automobile Association, Inter-Insurance Bureau (hereafter "CSAA"), commenced an action for a judicial declaration of its rights and duties under the uninsured motorist coverage of one of its automobile liability insurance policies. It has appealed from a judgment declaring (1) that the policy provides "uninsured motorist coverage to defendant Bishop Cohen," (2) that CSAA "is under a duty to arbitrate" the subject claim of Bishop Cohen, and (3) that the arbitration proceed before the American Arbitration Association.

The record presented for our consideration is a limited one. ■ We have no transcript of the evidence and other proceedings of the trial. A "Clerk's Transcript" has been furnished, but it falls short of the requirement of the "Judgment Roll" of Code of Civil Procedure section 670. The judgment recites that "no request for findings" had been filed. Precisely applicable here is certain language of *Div. of Lab. L. Enf.* v. *Mayfair Mkts.,* 102 Cal.App.2d Supp. 943, 946 [227 P.2d 463], as follows: "Since this appeal is upon the judgment roll and findings were waived, we must presume that the trial court found all facts necessary to support the judgment and that the evidence was sufficient to support the judgment. (*Credit Bureau of San Diego* v. *Horeth,* 60 Cal.App.2d 47 . . .; *Miller* v. *Pacific Freight Lines,* 40 Cal.App.2d 451 . . . .)"

Our problem is compounded by the fact that both parties in their briefs have purported to rely on evidence (or "facts") and documents, which are dehors the record. In our recital of the evidence and our consideration of the appeal we rely, however, *only* upon the record here on file, and such additional facts as the parties appear to have agreed upon in their briefs.

On July 24, 1966, an automobile driven by one Frank Marshall, in which Bishop Cohen was a passenger, collided with a motor vehicle

operated by one Jim Clark. Bishop Cohen allegedly suffered bodily injuries as a proximate result.

The automobile liability insurance policy of CSAA which is the subject of the instant appeal, at least as relevant here, covered the automobile driven by Frank Marshall its driver, and its occupant Bishop Cohen, at the time of the accident.

On June 19, 1967, Bishop Cohen filed a personal injury action for damages proximately resulting from the accident. Named as defendants were "Frank Marshall, Doe One, Doe Two and Doe Three." For some reason, Jim Clark, the driver of the other colliding vehicle, was not named as a defendant. The complaint alleged, in the manner provided by Code of Civil Procedure section 474, that Bishop Cohen was ignorant of the true names of the defendants sued as Doe One, Doe Two and Doe Three. On March 28, 1968, summary judgment was entered in the action in favor of Frank Marshall.

Thereafter, April 30, 1968; Bishop Cohen filed an amended complaint which alleged that the true name of the defendant sued as "Doe One" was Jim Clark, the operator of the other vehicle of the accident. CSAA was advised around that time by Bishop Cohen of the complaint's amendment, and that the true name of "Doe One" was Jim Clark who was an uninsured motorist.

About three years later, on March 8, 1971, Bishop Cohen made demand for, and sought to enforce, arbitration of an uninsured motorist claim against Jim Clark under the CSAA policy. CSAA's instant action for declaratory relief followed.

The uninsured motorist provisions of CSAA's policy contained a provision that no cause of action shall accrue to the insured under the uninsured motorist section of the policy unless he has filed a suit for bodily injury against the uninsured motorist within one year of the accident. The parties are in agreement that Bishop Cohen's rights under the policy, if any, are conditioned upon whether he had filed an action within one year of the accident against the alleged uninsured motorist.

A question, before the superior court and now before us, is whether Bishop Cohen's June 19, 1967, action against Frank Marshall, Doe One, Doe Two and Doe Three was such an action. As we have pointed out, Bishop Cohen had alleged in his complaint that he was ignorant of the true names of the defendants Doe One, Doe Two and Doe Three.

Code of Civil Procedure section 474, among other things, provides: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; . . ." As previously indicated, Bishop Cohen's April 30, 1968, amended complaint, filed about 21 months after the accident, alleged that the true name of defendant Doe One was Jim Clark, the uninsured motorist.

■ The Supreme Court in *Austin* v. *Massachusetts Bonding & Insurance Co.,* 56 Cal.2d 596, 602 [15 Cal.Rptr. 817, 364 P.2d 681], speaking with reference to Code of Civil Procedure section 474, has stated: "[I]t has long been recognized that the purpose of the provision is to enable such a plaintiff to bring suit before it is barred by the statute of limitations and that this procedure does not subject the defendant to undue hardship. . . . [¶] As we have seen, *it is settled that a defendant sued by a fictitious name and later brought into the case by an amendment substituting his true name is considered a party to the action from its commencement for purposes of the statute of limitations.*" (Italics added.) This rule is reasonably applicable here. So applying it, it follows that Bishop Cohen must be deemed to have commenced his action against the uninsured motorist "within one year from the date of the accident," as required by the CSAA policy.

CSAA contends that "the uninsured driver's name and identity were known" to Bishop Cohen at the time of the commencement of his action, and that therefore the rule of *Austin* is inapposite. But we are favored with no record indicating such knowledge on Bishop Cohen's part. In the absence of such a record we shall presume no error (see *Carpenter* v. *Pacific Mut. Life Ins. Co.,* 10 Cal.2d 307, 326 [74 P.2d 761]), and the nonexistence of such evidence.

CSAA's next contention appears to be that assuming, arguendo, the timely filing of Bishop Cohen's action against the uninsured motorist, his right to enforce arbitration must be deemed barred by some statute of limitations, or by laches. In this connection we observe that CSAA's policy had no provision concerning the time for commencement of arbitration of claims against uninsured motorists.

■ We first consider the contention of laches. It is an elementary principle that there can be no laches in delaying proceedings to enforce a

claim " 'if it is brought within the period of limitation, unless there are some facts or circumstances attending the delay which have *operated to the injury of the defendant.'* " (Italics added; *Dept. of Mental Hygiene* v. *McGilvery,* 50 Cal.2d 742, 753 [329 P.2d 689]; *Meigs* v. *Pinkham,* 159 Cal. 104, 111 [112 P. 883].)

■ We note that the trial court in its memorandum of decision states: "With respect to the issue of laches, there was no evidence to indicate any disadvantage or prejudice." ■ The existence of laches is a question of fact. (*Gerhard* v. *Stephens,* 68 Cal.2d 864, 904 [69 Cal.Rptr. 612, 442 P.2d 692]; *James* v. *Pawsey,* 162 Cal.App.2d 740, 750 [328 P.2d 1023].) ■ Since we have no record of the facts or of the evidence we shall again presume no error.

It further appears that CSAA is not prejudiced in its derivative rights against the uninsured motorist, for Insurance Code section 11580.2, subdivision (g), provides that it may bring a subrogation action "within three years from the date that payment" is made to the insured. CSAA has accordingly made no showing, in this court, of support for its contention of *laches.*

We find no express authority in this state with respect to an appropriate *statute of limitations* concerning the time within which enforcement of a contractual right to arbitrate must be sought. The case of *Sawday* v. *Vista Irrigation Dist.,* 64 Cal.2d 833, 836 [52 Cal.Rptr. 1, 415 P.2d 816], seemingly bears upon the subject, by stating: "Where an arbitration agreement does not specify a time within which arbitration must be demanded, a reasonable time is allowed, and what constitutes a reasonable time is a question of fact, depending upon the situation of the parties, the nature of the transaction, and the facts of the particular case. [Citations.]" However, a close analysis of that case discloses that it does not purport to hold that no statute of limitations applies to proceedings based on a written agreement to enforce one's right to arbitrate or that the sole time limitation in such a proceeding is that of "a reasonable time." In *Sawday,* the trial court had found a party to have "been guilty of laches operating to the prejudice of the [other], so as to waive her right to compel arbitration . . . ." The finding of prejudice was well supported by the evidence. In this context of laches, the Supreme Court affirmed. We construe the quoted language of the court as in effect equating "a reasonable time" with the period of time before one party improperly causes prejudice to the other and thus becomes guilty of laches. And we observe that no issue of a statute of limitations appears to have been raised by the parties or considered by the court.

We now consider what statute of limitations, if any, is applicable to one's contractual right to enforce arbitration. ▮ It is widely recognized that statutes of limitations are " 'vital to the welfare of society and are favored by the law . . . .' " (*Scheas* v. *Robertson,* 38 Cal.2d 119, 125 [238 P.2d 982]; *Fontana Land Co.* v. *Laughlin,* 199 Cal. 625, 636 [250 P. 669, 48 A.L.R. 1308].) Unlike laches, they are enforced regardless of personal hardship. (*Chas. L. Harney, Inc.* v. *State of California,* 217 Cal.App.2d 77, 91 [31 Cal.Rptr. 524]; *Fidelity & Dep. Co.* v. *Claude Fisher Co.,* 161 Cal.App.2d 431, 437 [327 P.2d 78].)

Bishop Cohen's right to arbitrate his claim arose out of contract, i.e., the insurance policy of CSAA. Code of Civil Procedure section 337, establishes a four-year statute of limitations for *actions* upon "any contract, obligation or liability founded upon an instrument in writing . . . ." It seems reasonable that a right, arising out of contract to enforce arbitration, should be limited by the same statute. Although California law is silent this view has been accepted elsewhere.

The court in *Motor Vehicle Accident Indem. Corp.* v. *McDonnell,* 23 App.Div.2d 773 [258 N.Y.S.2d 735], was faced with a problem, identical to ours, under the uninsured motorist provisions of an automobile liability insurance policy. The court held that a *demand for arbitration* was based upon the insurance contract, and that the state's statute of limitations for *actions* arising out of contract was applicable, even though no *action* was brought. The same rule that, for purposes of determining the correct statute of limitations, a demand for arbitration based upon a contract was to be equated with an action similarly founded, was reiterated by the court in *DeLuca* v. *Motor Vehicle Acc. Indem. Corp.,* 17 N.Y.2d 76 [268 N.Y.S.2d 289, 215 N.E.2d 482]. The same conclusion was reached by the Supreme Court of Tennessee in *Schleif* v. *Hardware Dealer's Mutual Fire Ins. Co.,* 218 Tenn. 489, 492-493 [404 S.W.2d 490, 491-492] where the court stated: "It has been held that in the ordinary case where an uninsured motorist, identifiable and accessible, injures the insured in an automobile accident, the six-year contract statute of limitations applies as to when the insured can demand arbitration proceedings under the Uninsured Motorist Clause."

In *Reconstruction Finance Corp.* v. *Harrisons & Crosfield,* 204 F.2d 366, 369 [37 A.L.R.2d 1117], where the court was concerned with a request for arbitration as provided by a contract between the parties, the "request for arbitration" was treated as an "action" and the statute of limitations for actions arising out of the contract was applied. (See *Hartford Acc. &*

*Ind. Co.* v. *Mason* (Fla.App.) 210 So.2d 474, 475, and *Booth* v. *Fireman's Fund Ins. Co.,* 253 La. 521 [218 So.2d 580, 583-584, 28 A.L.R.3d 573], where it was held that for statute of limitations purposes actions for uninsured motorist benefits under insurance policies are ex contractu, and not ex delicto, in nature.)

■ We conclude that the foregoing authority correctly states the law, and that the four-year statute of limitations of Code of Civil Procedure section 337 was applicable to Bishop Cohen's demand for arbitration. It remains to apply that statute to the facts of the case at bench.

As noted, the subject accident of the case occurred July 24, 1966, *more* than four years before Bishop Cohen's demand for arbitration. On the other hand, his action against the uninsured motorist was filed June 19, 1967, *less* than four years before the arbitration demand. The question narrows to whether the four-year statute of limitations commenced running from the date of the accident, or from the date of the commencement of Bishop Cohen's action.

■ It is elementary law that a "statute of limitations does not commence to run until a cause of action *accrues,* . . ." (Italics added; *Heyer* v. *Flaig,* 70 Cal.2d 223, 230 [74 Cal.Rptr. 225, 449 P.2d 161]; *Irvine* v. *Bossen,* 25 Cal.2d 652, 658 [155 P.2d 9]; and see Code Civ. Proc., § 312.) In the instant case the cause of action did not accrue upon the happening of the accident giving rise to the claim but upon the commencement of the action against the uninsured motorist. ■ Subdivision (i) (formerly subd. (h)) of section 11580.2 of the Insurance Code provides that: "No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident: (1) Suit for bodily injury had been filed against the uninsured motorist, in a court of competent jurisdiction, or (2) Agreement as to the amount due under the policy has been concluded, or (3) The insured has formally instituted arbitration proceedings."[1] Under this statute the cause of action against the insurer accrues when and if one of the contingencies specified in subdivision (i) of section 11580.2 occurs within one year from the date of the accident. (*Williams* v. *Los Angeles Metropolitan Transit Authority,* 68 Cal.2d 599, 605 [68 Cal.Rptr. 297, 440 P.2d 497]; *Los Angeles City Sch. Dist.* v. *Superior Court,* 9 Cal.App.3d 459, 466 [88 Cal.Rptr. 286]; *Pacific Indem. Co.* v. *Ornellas,* 269 Cal.App.2d 875, 877-878 [75 Cal.Rptr. 608];

---

[1] It appears that these provisions were incorporated in the instant policy. As pointed out above it is conceded by the parties that the requirement relevant to the disposition of this case is that contained in the first condition, i.e., proviso "(1)" of subdivision (i) of section 11580.2 of the Insurance Code.

*Firemen's Ins. Co.* v. *Diskin,* 255 Cal.App.2d 502, 511-512 [63 Cal.Rptr. 177]; *United States* v. *Hartford Accident and Indemnity Co.,* 460 F.2d 17, 19 [cert. den. 409 U.S. 979 (34 L.Ed.2d 243, 93 S.Ct. 308)].)

The effect of subdivision (i) of section 11580.2 of the Insurance Code is to create "a condition for the preservation of a potential cause of action under an insurance policy and does not fix the time for instituting a civil suit against the insurer after a cause of action has accrued" and that the meeting of one of its requirements is a condition precedent to the accrual to the insured of a cause of action against his insurer. (*Williams* v. *Los Angeles Metropolitan Transit Authority, supra,* 68 Cal.2d 599, 605; *Los Angeles City Sch. Dist.* v. *Superior Court, supra,* 9 Cal.App.3d 459, 466.)

In the present case the accident occurred on July 24, 1966, and suit was filed on June 19, 1967, against the uninsured motorist for bodily injury. Since this suit was filed within one year of the accident a condition precedent to the accrual of the cause of action against the insurer was met. Bishop Cohen's demand for arbitration was made less than four years after the commencement of his action against the uninsured motorist. Accordingly, his demand was not barred by the statute of limitations.

■ CSAA's final contention is that Bishop Cohen "has reduced his suit for injuries to judgment by reason of the fact that by the time demand for arbitration was made in March 1971 the suit was barred from further prosecution and subject to mandatory dismissal, because there was no service of summons and return thereon within three years after commencement of said action" as required by Code of Civil Procedure section 581a. This contention is without merit for its premises of "no service of summons and return thereon within three years after commencement of said action" does not appear from the record. Moreover, it is not contended that such a dismissal has been effectuated or that proceedings to bar further prosecution of the action had been initiated.

The judgment is affirmed.

Sims, J., and Brown (H.C.), J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.