[Civ. No. 33571. First Dist., Div. Two. May 8, 1975.]

MANVILLE LEO BRANHAM et al.,
Plaintiffs and Respondents, v.
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Nagle, Vale, McDowall & Cotter and William D. McDowall for Defendant and Appellant.

Bostwick & Rowe and Everett P. Rowe for Plaintiffs and Respondents.

## OPINION

**BRAY, J.**\*—Appellant State Farm Mutual Automobile Insurance Company appeals from an order of the Santa Clara County Superior Court decreeing that appellant arbitrate the controversy existing between the parties.

### QUESTION PRESENTED

Appellant's failure to notify respondents of the time limitation applicable to respondents' claim, Insurance Code section 11580.2, subdivision (i), does not bar respondents' cause of action under the insurance policy or their right to arbitrate.

### RECORD

On or about July 25, 1968, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") issued an automobile liability insurance policy to Manville L. and Bonnie Branham. The policy covered the period of July 25, 1968 to January 25, 1969. On January 20, 1969, while the policy was in full force and effect Pamela Branham, the daughter of Manville L. and Bonnie Branham, was involved in an automobile accident with an uninsured motorist. Miss Branham suffered personal injuries as a result of the accident.[1] On November 4, 1969, respondents made claim against State Farm under the uninsured motorist coverage of the policy.

On February 24, 1972, Manville Leo Branham and Pamela Branham petitioned the Santa Clara County Superior Court for an order requiring State Farm to arbitrate an uninsured motorist claim as required by Insurance Code section 11580.2, subdivision (f). The petition was granted and State Farm was ordered to arbitrate the controversy existing between it and petitioners.

### RESPONDENTS ENTITLED TO ARBITRATION

Insurance Code section 11580.2 concerns uninsured motorist coverage in insurance policies. The subdivisions of that section which are

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1] Respondents indicate that the parties herein have agreed that the accident was caused by reason of the negligence of the uninsured motorist, and that the damages sustained by Pamela Branham are in the amount of at least $15,000, the limit of the policy coverage.

here particularly pertinent read as follows: "(i) No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident: [¶] (1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or [¶] (2) Agreement as to the amount due under the policy has been concluded, or [¶] (3) The insured has formally instituted arbitration proceedings. . . . [¶] (k) Notwithstanding the provisions of subdivision (i), any insurer whose insured has made a claim under his or her uninsured motorist coverage, and such claim is pending, shall, at least 30 days before the expiration of the applicable statute of limitation, notify its insured in writing of the statute of limitation applicable to such injury or death. Failure of the insurer to provide such written notice shall operate to toll any applicable statute of limitation or other time limitation for a period of 30 days from the date such written notice is actually given." Appellant and respondents agree that within one year after the accident respondents had not complied with subdivision (i).

Appellant State Farm contends that subdivision (i) creates an absolute prerequisite to accrual of any claim under the statutory scheme, and that any claim by respondents is completely barred because there was no compliance with subdivision (i), and that subdivision (k) does not relieve respondents of compliance with subdivision (i) for the reasons hereinafter set forth.

Subdivision (i) was enacted as part of the section in 1961 (at that time as subd. (h)). (See Stats. 1961, ch. 1189, p. 2921.) Subdivision (k) was added in 1969 (at that time as subd. (j)). (See Stats. 1969, ch. 1353, p. 2731.) It is apparent from a reading of subdivision (i) that prior to the enactment of subdivision (k), failure to comply with subdivision (i) was fatal to a cause of action by the insured against the insurer. And, cases decided before the addition of subdivision (k) so hold. See *United States* v. *Hartford Accident and Indemnity Co.* (9th Cir. 1972) 460 F.2d 17 (cert. den. 409 U.S. 979 [34 L.Ed.2d 243, 93 S.Ct. 308]); *Pacific Indem. Co.* v. *Ornellas* (1969) 269 Cal.App.2d 875 [75 Cal.Rptr. 608]; *Firemen's Ins. Co.* v. *Diskin* (1967) 255 Cal.App.2d 502 [63 Cal.Rptr. 177]; *Pacific Indem. Co.* v. *Superior Court* (1966) 246 Cal.App.2d 63 [54 Cal.Rptr. 470]; and *State Farm etc. Ins. Co.* v. *Superior Court* (1965) 232 Cal.App.2d 808 [43 Cal.Rptr. 209].

However, the enactment of subdivision (k) substantially changed the effect of subdivision (i). The Legislature plainly intended by adding

subdivision (k) to place a mandatory obligation upon the insurer, once the insured had made a claim, to notify the insured in writing at least 30 days before the expiration of the time limit contained in subdivision (i). It is equally clear that the legislative intent was that if the insurer failed to so notify the insured, the time during which the insured must meet one of the three alternative prerequisites of subdivision (i) would be extended until 30 days after the notice was given. Necessarily this also means that the period during which the insured may institute arbitration proceedings extends to 30 days after the giving of the notice in cases where timely notice is not given.

In the instant case State Farm did not notify the respondents that the time limitation of subdivision (i) was running out, and never gave any subsequent notice. Therefore, under subdivision (k) respondents could and did institute arbitration proceedings over one year after the accident but prior to receiving any notification by appellant. The institution of the arbitration proceedings also acted to preserve a cause of action by respondents against State Farm.

Nonetheless, State Farm claims that for several reasons subdivision (k) does not relieve the Branhams from compliance with subdivision (i). First, appellant asserts that the Branhams' claim was not pending when subdivision (k) became law, and that the subdivision applies only to pending claims. Appellant's statement of the facts on this point is in error; the claim was pending when subdivision (k) became effective on November 10, 1969. A letter making the claim was sent to State Farm on November 4, 1969, and a State Farm claims representative told the Branhams' attorney that the letter had been received. Second, State Farm asserts that the courts have in the past resisted efforts to circumvent the absolute requirements of subdivision (i). As authority appellant cites *Pacific Indem. Co.* v. *Ornellas, supra,* 269 Cal.App.2d 875; *Firemen's Ins. Co.* v. *Diskin, supra,* 255 Cal.App.2d 502; *Pacific Indem. Co.* v. *Superior Court, supra,* 246 Cal.App.2d 63; and *State Farm etc. Ins. Co.* v. *Superior Court, supra,* 232 Cal.App.2d 808. These cases were all decided prior to the enactment of subdivision (k). As previously discussed while, prior to the passage of subdivision (k), compliance with the time limitation of subdivision (i) was mandatory, the requirement of notice contained in subdivision (k) substantially altered subdivision (i)'s effect.

Lastly, appellant contends that subdivision (k) ". . . operates only prospectively, effecting [*sic*] claims arising *after* its effective date." Appellant asserts that to apply subdivision (k) in the instant case would be a retrospective application in violation of the fundamental canon of statutory interpretation.[2] Appellant's contentions lack merit. The subdivision on its face applies not to claims *arising* after its effective date but to claims *pending* after its effective date. The Branhams' claim was pending at the time of and after subdivision (k)'s effective date. Application of the subdivision to the instant case is not retrospective but prospective. It is clear that the legislative intent was that persons in a position such as the Branhams' should be covered by subdivision (k).[3]

■ State Farm here attempts to appeal from the order to arbitrate. The cases hold an order directing parties to arbitrate to be an interlocutory and nonappealable order. (*Laufman* v. *Hall-Mack Co.* (1963) 215 Cal.App.2d 87, 88 [29 Cal.Rptr. 829, 94 A.L.R.2d 1068]; *Wetsel* v. *Garibaldi* (1958) 159 Cal.App.2d 4, 8 [323 P.2d 524]; *Corbett* v. *Petroleum Maintenance Co.* (1953) 119 Cal.App.2d 21, 22 [258 P.2d 1077]. Also see Code Civ. Proc., § 1294; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 56, p. 4070.) In the instant case, therefore, this court could dismiss the appeal. However, we determine that the appeal be treated instead as a petition for writ of mandate to compel the Santa Clara Superior Court to set aside its order directing arbitration. (See *State Farm etc. Ins. Co.* v. *Superior Court, supra,* 232 Cal.App.2d 808.) In *Clovis Ready Mix Co.* v. *Aetna Freight Lines* (1972) 25 Cal.App.3d 276 [101 Cal.Rptr. 820], the court allowed an appeal from a non appealable order to be treated as a petition for a writ. The court said at pages 281-282: "Upon being informed by the court that the jurisdictional defect could not be waived, counsel for the respective parties stipulated at oral argument that we 'treat the appeal, the record and the briefs as a petition for a writ.' We are mindful of our limitations insofar as advisory decisions are concerned, but we are also impressed with our duty to see that justice is administered in a practical fashion with the least possible delay. Insofar as this case is concerned, we are not able to take the same

---

[2]Both appellant and respondents spend much time considering whether the time limitation in subdivision (i) is or is not a statute of limitations. A decision on this point is not necessary to resolve the issues in this case.

[3]It is of note that the courts have determined that a liberal construction must be given to statutes providing compensation for those injured on the highway through no fault of their own, and that the Uninsured Motorist Law is considered a statute of that class. (*Modglin* v. *State Farm Mut. Automobile Ins. Co.* (1969) 273 Cal.App.2d 693, 698 [78 Cal.Rptr. 355].)

measures as in *Shepardson* v. *McLellan* (1963) 59 Cal.2d 83 [27 Cal.Rptr. 884, 378 P.2d 108], and the cases therein cited (p. 89), but we are aided by the philosophy expressed there, that is, to avoid any procedural obstacles that would have been ' "unnecessarily dilatory and circuitous. . . ." ' *(Id.,* at p. 88.) We are justified in disposing of the procedural problems in a businesslike fashion in the interests of justice and to prevent unnecessary delay. [¶] . . . we accept the stipuation [*sic*] of counsel, treat the record as being a petition for a writ of mandate and dispose of the matter in what we deem to be a practical manner and in the interests of justice. In so doing, it should be noted that if we did not let our views be known, and if we were not to act other than to dismiss the appeal as premature, further delay and ultimate reversal of the interlocutory orders would be inevitable."

Appellant cites *Zapata* v. *Meyers* (1974) 41 Cal.App.3d 268 [115 Cal.Rptr. 854], dealing with the time for filing complaint against the administrator of an estate after rejection of claim. It is not applicable to the issue here.

Order affirmed.

Taylor, P. J., and Rouse, J., concurred.