[Civ. No. 47120. Second Dist., Div. Five. Mar. 18, 1976.]

PAUL W. SORENSEN, Plaintiff and Appellant, v.
FARMERS INSURANCE EXCHANGE, Defendant and Respondent.

**COUNSEL**

Oria & Oria and Charlotte Oria for Plaintiff and Appellant.

Early, Maslach, Boyd & Leavey and Maryann M. Seltzer for Defendant and Respondent.

## Opinion

**HASTINGS, J.**—This is an appeal by plaintiff-appellant Paul W. Sorensen (Sorensen) from a judgment entered in favor of defendant-respondent Farmers Insurance Exchange (Farmers) after a trial in which the jury was waived. The judgment held that the insurance policy issued by Farmers to Sorensen did not extend uninsured motorist coverage benefits to Sorensen for injuries sustained by him in a motorcycle accident.

### Statement of Facts

In May 1967 Sorensen was issued a family automobile policy on a 1959 Ford station wagon by Farmers. At the time of the policy purchase Sorensen requested the agent for Farmers, Jim Mooney (Mooney), to provide him with every kind of coverage that was available under California law. Sorensen testified that he was specifically informed by Mooney that he had coverage while riding a motorcycle. The policy (edition No. 35) provided uninsured motorist benefits for Sorensen "while occupying a motor vehicle or otherwise." Sorensen did not own a motorcycle in 1967, but he rented motorcycles on occasions.

In February 1970 Sorensen purchased a new 1970 Ford automobile, and informed Farmers of the change of vehicles. Thereafter, he received a new edition of his policy, being edition No. 36. This policy had changes in the insuring agreement that differed from edition No. 35. Accompanying the new policy was a letter that stated: "The most significant change involves stereo tapes and tape players;" however, no mention was made of another change, namely, that edition No. 36 excluded bodily injury to the insured if caused by an uninsured motorist unless the vehicle occupied by the insured was an insured motor vehicle.[1]

Sometime in 1972, Sorensen purchased a 1972 Honda motorcycle. He purchased insurance coverage from the seller of the Honda motorcycle through another insurance company for comprehensive and liability coverage only. Sorensen testified that he specifically waived uninsured motorist coverage on that policy because he believed he was covered by the Farmers policy.

---

[1]In 1968 the California Insurance Code, section 11580.2, was amended to permit carriers to exclude this coverage. Specifically, section 11580.2, subdivision (c) provides: "The insurance coverage provided for in this section does not apply: . . . (6) To bodily injury of the insured while occupying a motor vehicle owned by an insured, unless the occupied vehicle is an insured motor vehicle."

In January of 1973, Sorensen was involved in a hit-and-run automobile accident while riding his motorcycle. He thereafter requested damages under the uninsured motorist portion of his policy with Farmers, which was refused. This lawsuit to determine coverage was then filed.

The trial court ruled in favor of Farmers. The judgment merely states that the insurance policy issued by Farmers to Sorensen and describing a 1970 Ford did not extend uninsured motorist coverage benefits to Sorensen for injuries he allegedly sustained in a motorcycle accident. There are no findings of fact or conclusions of law.

## ARGUMENT

Sorensen claims that Farmers had a duty to inform him of the material change in the terms of his uninsured motorist coverage, and that its failure to do so required it to cover him under the terms of his original policy.

Farmers does not challenge the two key facts of this case; namely, that Sorensen had the requisite coverage under edition No. 35, and that he received no *specific* notice of the change to his uninsured motorist coverage. Instead, Farmers argues: ". . . in 1968 the *California Insurance Code section 11580.2*[2] was amended, permitting carriers to have an exclusion in the policy with respect to bodily injury of the insured while occupying a motor vehicle owned by an insured unless the occupied vehicle is an insured motor vehicle. Some time prior to 2-26-70 Farmers . . . sent appellant Sorensen a new edition of the policy, being Edition No. 36. This edition incorporates the statutory changes made to *Insurance Code 11580.2*. Appellant Sorensen admitted receiving the 36th Edition policy, *thus receiving notice of this change*." (Italics added.)

In many respects this case is similar to *McKinney* v. *Farmers Ins. Exch.*, 32 Cal.App.3d 947 [108 Cal.Rptr. 581]. Appellant McKinney had two insurance policies with Farmers which extended uninsured motorist coverage to relatives of the named insured living in the same household. McKinney's son, while driving his own uninsured car, suffered personal injuries in an accident with an uninsured motorist. Farmers denied coverage on the theory that the 1968 amendment to section 11580.2 (passed subsequent to the issuance of McKinney's policies) limited

[2]Unless otherwise stated, all code sections cited are from the California Insurance Code.

coverage to only the insured vehicle. Farmers argued that this theory was supported by a special provision in the policy that automatically changed the policy to conform to the Insurance Code if changes or amendments were made to it.[3] However, McKinney's policies contained other paragraphs pertinent to coverage changes. Paragraph number (5) captioned "Cancellation," applying to cancellation of the policy or reduction of the coverage, required 10 days' notice to the insured. Paragraph number (3) captioned "Changes" required an endorsement to the policy; and paragraph number (21) captioned "Policy Revision" required that, if the policy being issued be revised in any other respect, 20 days' written notice of such revision must be given the insured. The *McKinney* court, beginning on page 950, concluded: "An interpretation of the conforming clause to require notice does not render that clause inoperative. The specific exemption of section 11580.2, subdivision (c)(6) would not take effect at all without the conforming clause because, as discussed above, section 11580.2 is a minimum coverage only. The function of the conforming clause is to express the intention of the parties that coverage under the policy conform to the minimum coverage as described in the statute. It is not contrary to this intent to provide for notice when the coverage is to be changed to conform to a statutory change. . . . [¶] Under the above rules, any inconsistency between the clauses requiring notice and providing for conformance to statute must be resolved in favor of the insured. It is concluded that the policy itself requires notice to the named insured before effect may be given to any decrease in the uninsured motorist coverage, including any decrease pursuant to a legislative change." Sorensen's policy contained the same provisions as the McKinney policies.

This case differs from *McKinney* in that a new policy (edition No. 36) was sent to the insured with the amended section set out verbatim. Acting on said amendment, Farmers put in a new paragraph under "Part II, Coverage C, Benefits for Bodily Injury Caused by Uninsured Motorists": "Exclusions": "This policy does not apply under Part II: . . . (3) to bodily injury to an insured while occupying an automobile or 2 wheel motor vehicle (other than an insured motor vehicle) owned by a named insured or any relative resident in the same

---

[3]In *McKinney,* the court quotes from the policy in question, on pages 949-950: " 'Special Provisions Applicable to Part II [Uninsured Motorist Coverage]' ": " '(4) Conformance to Statute: The insuring agreements, exclusions and conditions of this policy applicable to this Part II are pursuant to the provisions of Division 2, Part 3, Chapter 1, Article 2, of the Insurance Code of the State of California, and in the event of any change or amendment in the provisions of that article, these insuring agreements, exclusions and conditions shall be deemed to be amended to conform therewith.' "

household, or through being struck by such vehicles;." Farmers' argument, as stated *ante,* contends that these changes, coupled with Sorensen's admission of receipt of the policy, amount to notice. By this argument Farmers is agreeing with *McKinney* that paragraph (5) of edition No. 35[4] required *some* notice. We, however, do not agree with Farmers that its action amounted to notice as contemplated by the policy. Paragraph (5) specifically states the insured must have not less than 10 days' notice of any reduction in coverage and "said notice shall also describe the portion canceled or reduced." Merely setting forth section 11580.2, subdivision (c)(6), in a subsequent policy and adding a new exclusionary clause does not comply with these requirements. This fact becomes even more apparent when considered with the notice that did accompany edition No. 36 referring to another coverage change, but ignoring the change in issue. It would not be unreasonable under the circumstances for the insured to read only the changed provision.

■■ Farmers' attempt at a "buried notice" violates several fundamental principles found in this field of law: (1) "[A]n insurer cannot escape its basic duty to insure by means of an exclusionary clause that is unclear. . . . 'any exception to the performance of the basic underlying obligation must be so stated as clearly to apprise the insured of its effect.' " (*State Farm Mut. Auto. Ins. Co.* v. *Jacober,* 10 Cal.3d 193, 201 [110 Cal.Rptr. 1, 514 P.2d 953]); (2) Interpretation of an insurance policy must be pursued in light of the insured's "reasonable expectations." (*Gray* v. *Zurich Insurance Co.,* 65 Cal.2d 263, 270-274 [54 Cal.Rptr. 104, 419 P.2d 168]); and (3) " 'Any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer.' " (*McKinney, supra,* at p. 950.) ■ While these principles have been applied to situations other than notice requirements in connection with insurance contracts, they are also apropos here. When Sorensen purchased his 35th edition policy in 1967 it included uninsured motorist coverage for him while operating any motor vehicle, whether owned by him or not. This was the basic insurance obligation statutorily imposed at that time, and it was

---

[4]Paragraph (5) stated in pertinent part: "This policy may be canceled, or the whole or any portion of any coverage afforded thereby may be canceled or reduced, or the renewal date may be changed, by the Company by mailing to the named insured at the address shown in this policy written notice stating when not less than 10 days thereafter such cancellation, reduction, or change of renewal date, shall be effective. In the event of the cancellation of a portion of the coverage, or a reduction of the whole or any portion of the coverage, said notice shall also describe the portion canceled or reduced. The mailing of notice as aforesaid shall be sufficient proof of notice and if the entire policy is canceled the effective date and hour of cancellation stated in the notice shall become the end of the policy period."

deemed so important that it has been held to be written into every policy by operation of law (*Aetna Ins. Co.* v. *Hurst,* 2 Cal.App.3d 1067, 1069-1070 [83 Cal.Rptr. 156]), and can be waived only by a specific procedure (*Mission Ins. Co.* v. *Brown,* 63 Cal.2d 508, 510 [47 Cal.Rptr. 363, 407 P.2d 275]). "[N]othing short of a provision which conspicuously, plainly and clearly tells the UMC [Uninsured Motorist Coverage] insured that he is not getting the kind of protection which the UMC reasonably leads him to believe he has will do to take it away from him." (*Security Nat. Ins. Co.* v. *Hand,* 31 Cal.App.3d 227, 236 [107 Cal.Rptr. 439].) The faces of both policies (35th and 36th edition) in this case show boxes marked "U.M." (policy designation for benefits for bodily injury caused by uninsured motorists), in which appears the designation "COV"—indicating that the insured is covered. There is no indication in this facial gloss that the insured's coverage has been qualified or modified in any manner. We believe paragraph (5) would reasonably lead an insured to expect some form of specific notice (probably separate from the policy) that would direct his attention to or acquaint him with the change. It is obvious that Farmers did not notify Sorensen by a conspicuous, plain and clear notice that the coverage he originally had was now greatly reduced. Further, if any uncertainty existed on this point, we are required to resolve the doubt against the insurer.

We conclude that Sorensen did not receive the notice to which he was entitled under his contract of insurance, and he is entitled to the coverage contained in edition No. 35.

The judgment is reversed and the cause is remanded for entry of judgment consistent with this opinion.

Kaus, P. J., and Stephens, J., concurred.