Civ. 39960. First Dist., Div. Three. July 28, 1977.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, Plaintiff and Respondent, v.
WILLIAM LYKOURESIS, Defendant and Appellant.

Counsel

Belli & Choulos, Jettie Pierce Selvig and Robert A. Levin for Defendant and Appellant.

Owen, Melbye & Rohlff and Richard B. Melbye for Plaintiff and Respondent.

## Opinion

**SCOTT, J.**—State Farm Mutual Automobile Insurance Company filed an action for declaratory relief to determine its obligation to pay the claim of appellant, William Lykouresis, under the uninsured motorist provisions of an automobile liability policy. State Farm contended that appellant's claim was barred by the statute of limitations, Insurance Code section 11580.2, subdivision (i). At the conclusion of the evidence, the trial court granted State Farm's motion for a directed verdict, and this appeal followed.

The issue raised is whether State Farm adequately complied with the notice requirements of subdivision (k) of section 11580.2. For the reasons stated herein, we have concluded that it did not, and we reverse the judgment.

Section 11580.2 of the Insurance Code provides, in pertinent part:

"(i) No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident:

"(1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or

"(2) Agreement as to the amount due under the policy has been concluded, or

"(3) The insured has formally instituted arbitration proceedings.

". . . . . . . . . . . . . . . . . . . . .

"(k) Notwithstanding the provisions of subdivision (i), any insurer whose insured has made a claim under his or her uninsured motorist

coverage, and such claim is pending, shall, at least 30 days before the expiration of the applicable statute of limitation, notify its insured in writing of the statute of limitation applicable to such injury or death. Failure of the insurer to provide such written notice shall operate to toll any applicable statute of limitation or other time limitation for a period of 30 days from the date such written notice is actually given."[1]

On October 6, 1971, appellant was involved in an automobile accident. He was the passenger in a vehicle driven by George Janis, policyholder of State Farm. The driver of the other automobile was uninsured. Some months after the accident, appellant filed a claim with State Farm pursuant to the uninsured motorist provisions of Janis' policy. Appellant thereafter engaged in settlement negotiations with William Kremer, a claims adjuster of State Farm.

On August 28, 1972, Kremer wrote to appellant, stating in pertinent part, "please do not lose sight of the date your lawsuit must be filed in the event we can not reach a compromise agreement. It is October 6, 1972. I shall do everything in my power to reach agreement with you before that time, but I did not wish you to lose sight of it on my account."

On September 6, 1972, Kremer again wrote to appellant: "In my letter of August 28th, I mentioned that you must file a lawsuit by October 6, 1972, if we could not reach a compromise agreement. While I still feel such a compromise is both possible and likely, I wish to correct one error. [¶] It is not necessary for you to have filed such a lawsuit by October 6th, inasmuch as this is an Uninsured Motorist accident; you may sufficiently toll the statute by written demand for arbitration of the matter. These are not cases which are ordinarily tried in court. Rather, the insurance code provides for mutually chosen arbitrators to decide the damage award, if that should become necessary."

On October 3, 1972, appellant, who is Greek and has difficulty with the English language, enlisted the aid of a friend to compose a response to State Farm's offer of settlement. This letter was typed and dated October 5, 1972, mailed on October 6, and received by State Farm on October 10. This letter states, in pertinent part: "After receiving both of your letters of August 28, 1972 and September 6, 1972, it's my understanding and the feeling I've gotten from both of those letters that

---

[1]Appellant qualifies as an "insured" although he was not the policyholder. (Ins. Code, § 11580.06, subd. (b).)

you do not wish to go to court any more than I do. However, what you have offered me is completely and totally out of the question ... I request a reasonable settlement ... I request that you come up with an offer of compensation for my injuries reasonable enough, so we stay away from courts and attorneys as well ... Mr. Kremer, I will wait for your answer and your company's decision for thirty days."

Meanwhile, on October 3, 1972, Kremer, apparently in response to a telephone call from appellant's wife, wrote to appellant to say: "We can not agree that your claim merits payment to the extent of your demand. Rather, we have offered to pay $6,600.00, in addition to the medical bills we have already paid. [¶] You have indicated that you wish to discuss this matter with an attorney and I invite your further response after that conference. [¶] Please keep in mind that your claim can be kept current by a demand for arbitration of the matter."

On October 11, 1972, after Kremer had received appellant's letter of October 5, he replied to appellant: "The Statute of Limitations expired on October 6, 1972 and I have no knowledge of your filing a Law Suit, or of a Demand for Arbitration. Under the circumstances, no further claims can be honored and my hands are tied by the California Code of Civil Procedure and California Insurance Code."

Eight months later, on June 12, 1973, an attorney representing appellant wrote to State Farm demanding arbitration of the matter. Shortly thereafter, the present action was commenced by State Farm.

■ Insurance Code section 11580.2 must be liberally construed to carry out its objective of providing financial protection for injuries caused by uninsured motorists and, as a corollary, any exception or exclusion from uninsured motorist coverage must be strictly construed. (*Dufresne* v. *Elite Insurance Co.* (1972) 26 Cal.App.3d 916, 922 [103 Cal.Rptr. 347, 55 A.L.R.3d 206], and cases there cited.) In view of the public policy in favor of uninsured motorist coverage, any deletion or reduction thereof must be in plain and understandable language, sufficient to apprise the insured of the nature of the right he is relinquishing. (*Dufresne, supra,* at p. 924; accord *Sorensen* v. *Farmers Ins. Exch.* (1976) 56 Cal.App.3d 328, 333-334 [128 Cal.Rptr. 400].)

We conclude that to be effective any notice given to an insured pursuant to subdivision (k) must likewise be in plain and understandable language, and must clearly and specifically apprise the insured of the

time during which the insured must meet one of the three alternative prerequisites of subdivision (i).

■ Applying this standard to the case at bar, it is apparent that the letters sent to appellant by State Farm did not constitute adequate notice of the statute of limitations. The letter of August 28 stated that appellant's deadline for a lawsuit was October 6, 1972. However, the letter of September 6 retracted this statement and suggested that no lawsuit was necessary. It is true that a lawsuit was not mandatory, but a lawsuit would have preserved appellant's claim. Furthermore, the letter of September 6 did not clearly inform appellant that a demand for arbitration must be made by October 6.

We hold, as a matter of law, that appellant did not receive the specific notice to which he was entitled under subdivision (k) of section 11580.2. Accordingly, the limitations period for institution of arbitration proceedings was extended until such time as proper notice was given. (Ins. Code, § 11580.2, subd. (k); *Branham* v. *State Farm Mut. Auto. Ins. Co.* (1975) 48 Cal.App.3d 27, 30-31 [121 Cal.Rptr. 304].) Appellant's formal demand for arbitration, made June 12, 1973, was therefore timely made and his cause of action was preserved.

The judgment is reversed with directions that the trial court enter judgment in accordance with the views herein expressed.

Draper, P. J., and Good, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.