[Civ. No. 57578. Second Dist., Div. Three. July 21, 1980.]

BEATRICE GEFRICH, Plaintiff and Appellant, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, Defendant and Respondent.

COUNSEL

Eugene V. Kapetan for Plaintiff and Appellant.

Spray, Gould & Bowers, Michael R. Brown, Daniel O. Howard and Theresa M. Marchlewski for Defendant and Respondent.

OPINION

ALLPORT, J.—Beatrice Gefrich appeals from an order denying her petition to compel arbitration of a claim against State Farm Mutual Automobile Insurance Company, a corporation, under the uninsured motor vehicle coverage provisions of her automobile liability policy. The appeal lies. (Code Civ. Proc., § 1294, subd. (a).)

On April 23, 1973, Gefrich suffered personal injuries in an automobile accident involving an uninsured motorist. She filed a timely action against the motorist for damages on March 20, 1974.[1] On January 16, 1979, the instant petition was filed. On April 3, 1979, it was denied, presumably upon the ground that the demand for arbitration was first made more than four years after the action for damages was filed and was therefore barred by the statute of limitations. (Code Civ. Proc., § 337.) (See *California State Auto. Assn. Inter-Ins. Bureau* v. *Cohen* (1975) 44 Cal.App.3d 387, 395 [118 Cal.Rptr. 890].)

CONTENTION

■ Conceding the foregoing, Gefrich contends on appeal that the statute of limitations was tolled because State Farm failed to give her notice of the applicable statute of limitations as required by the Insurance Code. We agree and for reasons to follow will reverse.

DISCUSSION

Insurance Code section 11580.2, subdivision (k) provides: "(k) Notwithstanding the provisions of subdivision (i), any insurer whose insured has made a claim under his or her uninsured motorist coverage, and such claim is pending, shall, at least 30 days before the expiration of the applicable statute of limitation, notify its insured in writing of the statute of limitation applicable to such injury or death. Failure of the insurer to provide such written notice shall operate to toll any applicable statute of limitation or other time limitation for a period of 30 days from the date such written notice is actually given." Gefrich argues that State Farm was required to notify her in writing of the statute of limitations contained in Code of Civil Procedure section 337 and not having done so the statute was tolled. Relying upon *Branham* v. *State Farm Mut. Auto. Ins. Co.* (1975) 48 Cal.App.3d 27 [121 Cal.Rptr. 304], State Farm contends "that the 'applicable statute of limitation' referred to in Insurance Code § 11580.2(k) refers to the statute of limitation imposed by Insurance Code § 11580.2(i)," which provides: "(i) No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident: (1) Suit for bodily injury has been filed against the

---

[1]Appellant's opening brief states: "It is also not controverted that the insured herein BEATRICE GEFRICH did make a claim under the terms of her uninsured motorist coverage." The statement is not denied in respondent's brief and we assume such to be the fact. The fact that a timely claim was made was also conceded at oral argument.

uninsured motorist, in a court of competent jurisdiction, or (2) Agreement as to the amount due under the policy has been concluded, or (3) The insured has formally instituted arbitration proceedings."

We agree with State Farm that *Branham*, as well as *State Farm Mut. Auto. Ins. Co.* v. *Lykouresis* (1977) 72 Cal.App.3d 57 [139 Cal. Rptr. 827], makes it clear that "The Legislature plainly intended by adding subdivision (k) to place a mandatory obligation upon the insurer . . . to notify the insured in writing at least 30 days before the expiration of the time limit contained in subdivision (i)." However, we do not agree that these cases compel the conclusion that subdivision (k) does not require that the insurer also give written notice of the limitation contained in Code of Civil Procedure section 337. In *Lykouresis* the court reasoned at pages 61-62: "Insurance Code section 11580.2 must be liberally construed to carry out its objective of providing financial protection for injuries caused by uninsured motorists and, as a corollary, any exception or exclusion from uninsured motorist coverage must be strictly construed. (*Dufresne* v. *Elite Insurance Co.* (1972) 26 Cal.App.3d 916, 922 [103 Cal.Rptr. 347, 55 A.L.R.3d 206], and cases there cited.) In view of the public policy in favor of uninsured motorist coverage, any deletion or reduction thereof must be in plain and understandable language, sufficient to apprise the insured of the nature of the right he is relinquishing. (*Dufresne, supra*, at p. 924; accord *Sorensen* v. *Farmers Ins. Exch.* (1976) 56 Cal.App.3d 328, 333-334 [128 Cal.Rptr. 400].)

"We conclude that to be effective any notice given to an insured pursuant to subdivision (k) must likewise be in plain and understandable language, and must clearly and specifically apprise the insured of the time during which the insured must meet one of the three alternative prerequisites of subdivision (i)." Section 337 was not under consideration in either *Branham* or *Lykouresis*. Had it been, we have little doubt that under the reasoning of these cases section 337 would have been held to be a statute of limitations of which written notice was required to be given and we so hold in the instant case. While the language of subdivision (k) leaves much to be desired, it does not limit its application to subdivision (i). It refers to "the applicable statute of limitation . . ." the "statute of limitation applicable to such injury or death" and to "*any* applicable statute of limitation or *other time limitation* . . . ." (Italics added.) Since Gefrich did not receive the notice to which she was entitled under subdivision (k), the limitation period for

institution of arbitration proceedings herein was tolled and the petition therefor was timely filed.

The order is reversed.

Cobey, J., concurred.

**POTTER, Acting P. J.**—I dissent.

Insurance Code section 11580.2, subdivision (k), obviously is intended to guarantee an insured the opportunity: (1) to preserve his claim against the uninsured motorist by filing suit within one year, and (2) to cause accrual of his cause of action against the insurer pursuant to section 11580.2, subdivision (i), by so filing, agreeing as to the amount of the damages or formally instituting arbitration proceedings. Because of the shortness of the time limitation involved (one year) and the likelihood that an insured making such claim may initially be unrepresented by counsel, the notice required by subdivision (k) is necessary to protect insureds from the loss of their rights.

However, once the insured's rights against the uninsured motorist have been so preserved and his cause of action against the insurer caused to accrue by any of the three means specified in subdivision (i), the purpose of subdivision (k) has been fully served. If suit has been brought or formal arbitration proceedings instituted, the insured is either represented by counsel or has taken responsibility for knowing the applicable statute of limitation by acting as his own attorney.

Furthermore, there is no "statute of limitation *applicable to such injury or death*" other than the one-year limitation specified in Code of Civil Procedure section 340 and in Insurance Code section 11580.2, subdivision (i). It is to notify the insured of these limitations that the insurer is required by subdivision (k) to give notice. (*Branham v. State Farm Mut. Auto. Ins. Co.* (1975) 48 Cal.App.3d 27, 30-31 [121 Cal. Rptr. 304].) Once the required action is taken to avoid these limitations, further notice of them would be wholly redundant, since it would not furnish the insured with any information of any significance to him. Nor is there any reason under the circumstances to require the insurer to give notice of the four-year limitation imposed by Code of Civil Procedure section 337. If the insurer does not act favorably on the claim, the insured's cause of action under the policy has accrued. The four-year limitation of Code of Civil Procedure section 337 is applicable, but

it constitutes no more of a threat to the insured's rights than it does to any other party with a breach of contract claim. Section 337 is not a limitation applicable to injury or death of which notice is required by Insurance Code section 11580.2, subdivision (k); the latter section evidences no intention on the part of the Legislature to require insurance companies to give notice of any and all statutes of limitations which may affect their insureds' rights. Insurers are as much prejudiced by delay as other litigants. The failure of petitioner to take any action upon her claim for five years after filing suit was inexcusable.

I would affirm.

Respondent's petition for a hearing by the Supreme Court was denied September 17, 1980.