[No. S023533. July 6, 1992.]

WILLIAM SUNDAY SPEAR, Plaintiff and Appellant, v.
CALIFORNIA STATE AUTOMOBILE ASSOCIATION, Defendant and
Respondent.

COUNSEL

Safire & Lewis and William G. Lewis for Plaintiff and Appellant.

Lawrence E. Kern, Santana, George, Preston, Steffen & Katzen and Michael R. Chambers for Defendant and Respondent.

Richard W. Younkin, William B. Donohoe and Thomas J. McBirnie as Amici Curiae on behalf of Defendant and Respondent.

OPINION

PANELLI, J.—We granted review in this case to determine when the statute of limitations for an insured's action against an insurer to compel arbitration of an uninsured motorist claim begins to run. We conclude that the limitations period does not begin to run until the insurer has refused to submit to arbitration. Accordingly, we reverse the judgment of the Court of Appeal.

## I. FACTS

On April 18, 1990, plaintiff, William Sunday Spear (Spear), filed a petition to compel arbitration of an uninsured motorist insurance claim against defendant California State Automobile Association (CSAA or the insurance company) in the San Francisco Superior Court. According to the allegations in the petition, Spear was injured in an automobile accident with an uninsured motorist on or about November 13, 1984, while acting in the course and scope of his employment. Spear filed a complaint for property damage, personal injury and punitive damages against the uninsured driver on November 12, 1985.

According to Spear's petition, CSAA, Spear's automobile insurer, was notified by June 15, 1985, that Spear would pursue a claim for benefits under the uninsured motorist provisions of his insurance policy. However, when CSAA learned that appellant had a pending claim for workers' compensation, which included a claim for permanent disability, it refused to

settle the uninsured motorist claim, stating that it would await the completion of the workers' compensation action.[1] Spear agreed to notify the insurance company when the workers' compensation claim was resolved. The workers' compensation case was settled on January 20, 1990, and Spear notified CSAA of the settlement on February 22, 1990. CSAA informed Spear that it would not settle the uninsured motorist claim; the insurance company also told Spear that he should take whatever action he thought necessary to compel arbitration and that it would attempt to dismiss the uninsured motorist claim.[2]

Spear filed a petition to compel arbitration on April 18, 1990. CSAA opposed the petition on the ground that the action was barred by the statute of limitations. Spear asserted that the statute of limitations on the action to compel arbitration had not run while Spear was pursuing his workers' compensation action, and that CSAA was equitably estopped to assert the statute of limitations as a defense. The superior court denied the petition to compel arbitration, and the Court of Appeal, First Appellate District, Division Two, affirmed. The Court of Appeal held first, that the statute of limitations on the cause of action against CSAA began to run when Spear filed his lawsuit against the uninsured motorist; second, that the statute of limitations was not tolled during the pendency of Spear's workers' compensation action; and third, that CSAA was not equitably estopped to assert the defense of the statute of limitations.

## II. ACCRUAL OF CAUSE OF ACTION AGAINST INSURER

Uninsured motorist policies are governed by section 11580.2 of the Insurance Code, which requires automobile liability insurers to offer insurance for damages or wrongful death caused by uninsured motorists. (Ins. Code, § 11580.2, subd. (a)(1).)[3] The statute requires such insurance policies to provide that "the determination as to whether the insured shall be legally

---

[1]Insurance Code section 11580.2, subdivision (h)(1) permits the insurance company to reduce the loss payable under the uninsured motorist policy by the amount paid or payable under workers' compensation law. We express no opinion here as to whether CSAA was justified in refusing to settle the uninsured motorist claim while the workers' compensation claim was pending. That issue is currently before us in *Rangel* v. *Interinsurance Exchange* (Cal.App.).

[2]In January 1990, CSAA filed a motion to dismiss Spear's lawsuit against the uninsured motorist on the ground that Spear had waived his right to uninsured motorist benefits by failing to petition for arbitration within four years of the filing of the lawsuit. Spear opposed the motion on the grounds that CSAA had no standing to make the motion, that CSAA was estopped from bringing the motion, and that the statute of limitations had not yet run on Spear's cause of action to compel arbitration. CSAA appears to have withdrawn the motion after Spear opposed it.

[3]All further statutory references are to the Insurance Code, unless otherwise noted.

entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration." (§ 11580.2, subd. (f).) In accordance with this statutory provision, the insurance contract between CSAA and Spear stated, "If an insured person making claim under this Part and we do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury to such insured person, or if so entitled, do not agree as to the amount, then either party, on written demand of the other, shall, except in Nevada, institute arbitration proceedings as provided in Section 11580.2 and the following sections of the Insurance Code of the State of California. Expenses and fees of arbitration shall be paid. as provided in Section 1284.2 of the California Code of Civil Procedure. Any award shall be within the terms and limits of this policy." (Italics omitted.)

Section 11580.2, subdivision (i) provides, "No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless one of the following actions have been taken within one year from the date of the accident: [¶] (1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction.[4] [¶] (2) Agreement as to the amount due under the policy has been concluded. [¶] (3) The insured has formally instituted arbitration proceedings." One of these three events must occur as a condition precedent to the accrual of a cause of action against the insurer. (See *Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599, 605 [68 Cal.Rptr. 297, 440 P.2d 497]; *Pacific Indem. Co.* v. *Ornellas* (1969) 269 Cal.App.2d 875, 877-878 [75 Cal.Rptr. 608].) Since Spear filed a complaint against the uninsured motorist on November 12, 1985, within a year of the date of the accident, he fulfilled the precondition to preserving his cause of action against CSAA.

The Court of Appeal held that Spear's cause of action against his uninsured motorist insurance carrier to compel arbitration accrued as of the date that Spear filed his complaint against the uninsured motorist. Relying on *California State Auto. Assn. Inter-Ins. Bureau* v. *Cohen* (1975) 44 Cal.App.3d 387, 395 [118 Cal.Rptr. 890] (*Cohen*), the court stated that "[t]he cause of action against the insurer accrues, and the statute of limitations for demanding arbitration begins to run, when and if one of the contingencies specified

---

[4]At the times of the accident and of the filing of the suit against the uninsured motorist, this sentence added the words "and notice of such suit has been given the insurer." (Stats. 1983, ch. 1244, § 2.5, p. 4890.) There has been no suggestion that Spear did not comply with this requirement. Spear has alleged that he informed CSAA by June 15, 1985, approximately seven months after the accident, that he planned to pursue uninsured motorist benefits under his policy.

The words "one of the following actions have been taken" were added in 1988. (Stats. 1988, ch. 1471, § 1, p. 5198.)

in section 11580.2, subdivision (i), occurs within one year of the date of the accident." As we will explain, we believe that the Court of Appeal was incorrect in concluding that the cause of action to compel arbitration accrues at the time the insured fulfills one of the preconditions found in section 11580.2, subdivision (i).[5]

■ An action to compel arbitration "is in essence a suit in equity to compel specific performance of a contract." (*Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 479 [121 Cal.Rptr. 477, 535 P.2d 341], citing *Trubowitch* v. *Riverbank Canning Co.* (1947) 30 Cal.2d 335, 347 [182 P.2d 182]; see also *Meyer* v. *Carnow* (1986) 185 Cal.App.3d 169, 174 [229 Cal.Rptr. 617, 77 A.L.R.4th 1063].) Courts in this state and in other jurisdictions have held that the proper statute of limitations to apply to actions to compel arbitration is the contract statute of limitations. (See *Cohen, supra,* 44 Cal.App.3d at pp. 394-395 and cases cited therein; *Meyer* v. *Carnow, supra,* 185 Cal.App.3d at pp. 173-174; Annot., Which Statute of Limitations Applies to Efforts to Compel Arbitration of a Dispute (1990) 77 A.L.R.4th 1071, and cases cited therein.) We agree that these cases state the law correctly. Accordingly, the proper statute of limitations for an action to compel arbitration based on a written agreement to arbitrate is four years, which is the statute of limitations for actions on a written contract. (Code Civ. Proc., § 337.)

■ It is elementary that a statute of limitations does not begin to run until the cause of action accrues. (Code Civ. Proc., § 312; *Heyer* v. *Flaig* (1969) 70 Cal.2d 223, 230 [74 Cal.Rptr. 225, 449 P.2d 161]; see also *Irvine* v. *Bossen* (1944) 25 Cal.2d 652, 658 [155 P.2d 9].) Equally basic is that a cause of action does not accrue "until the party owning it is entitled to begin and prosecute an action thereon" (*United States Liab. Ins. Co.* v. *Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 596 [83 Cal.Rptr. 418, 463 P.2d 770], quoting 1 Witkin, Cal. Procedure (1954) p. 614 et seq.), that is, not until "the last element essential to the cause of action" occurs. (See *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 187 [98 Cal.Rptr. 837, 491 P.2d 421]; see also *Seelenfreund* v. *Terminix of Northern Cal., Inc.* (1978) 84 Cal.App.3d 133, 136 [148 Cal.Rptr. 307].) ■ CSAA contends, and the Court of Appeal agreed, that a cause of action against an uninsured motorist insurer accrues, and the statute of limitations begins to run, at the time the insured meets one of the three preconditions to accrual in section 11580.2, subdivision (i).

The Court of Appeal relied primarily on *Cohen, supra,* 44 Cal.App.3d 387, for this conclusion. *Cohen* first acknowledged that a statute of limitations

---

[5]As discussed below, however, the *Cohen* court was correct in its determination of the proper statute of limitations to apply to such an action. (44 Cal.App.3d at pp. 394-395.)

does not begin to run until the cause of action accrues, then concluded that the cause of action to compel arbitration of an uninsured motorist claim accrues when one of the three contingencies specified in section 11580.2, subdivision (i) occurs. (*Cohen, supra,* 44 Cal.App.3d at p. 395.) In so concluding, the *Cohen* court cited as authority several cases stating that this statute creates an absolute prerequisite to the accrual of a potential cause of action under the uninsured motorist provision of an insurance policy. (*Id.* at pp. 395-396, citing *Williams* v. *Los Angeles Metropolitan Transit Authority, supra,* 68 Cal.2d at p. 605; *Los Angeles City Sch. Dist.* v. *Superior Court* (1970) 9 Cal.App.3d 459, 466 [88 Cal.Rptr. 286]; *Pacific Indemn. Co.* v. *Ornellas, supra,* 269 Cal.App.2d at pp. 877-878; *Firemen's Ins. Co.* v. *Diskin* (1967) 255 Cal.App.2d 502, 511-512 [63 Cal.Rptr. 177]; *United States* v. *Hartford Accident and Indemnity Co.* (9th Cir.1972) 460 F.2d 17, 19.) However, while these cases agree that the one-year period within which the insured must act to preserve his or her cause of action cannot be extended or tolled, they do not state that accrual occurs, and the statute of limitations begins to run, at the time that one of the preconditions of section 11580.2, subdivision (i) is met.

In our view, section 11580.2, subdivision (i) does not support the Court of Appeal's conclusion. While it is true that the statute establishes *preconditions* to accrual, it does not state a *time* of accrual. It declares, "No cause of action shall accrue . . . *unless* one of the following actions have been taken within one year from the date of the accident . . . ." (§ 11580.2, subd. (i), italics added.) It does not state that accrual, that is, the right to begin and prosecute an action, occurs when one of the preconditions is met. We must therefore determine whether there are any other conditions to accrual of a cause of action against the uninsured motorist insurer.

In order to gain further insight into the date of accrual of the right to petition to compel arbitration, we must turn to the provisions of California's law regarding the enforcement of arbitration agreements. A petition to compel arbitration may be brought under authority of Code of Civil Procedure section 1281.2, which provides that "[o]n petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists . . . ." Under this provision, a party to an agreement to arbitrate may not bring an action to compel specific performance of the arbitration provision until he or she can allege not only the existence of the agreement, but also that the opposing party *refuses to arbitrate* the controversy. Therefore, it

appears that a cause of action to compel arbitration does not accrue until one party has refused to arbitrate the controversy. (See *Meyer* v. *Carnow, supra,* 185 Cal.App.3d at p. 174.)[6]

This conclusion is also compelled by an examination of when a party to a contract is permitted to bring an action on the contract. As noted above, an action to compel arbitration is in essence a suit to compel specific performance of a contractual term, i.e., the arbitration agreement. (See *Freeman* v. *State Farm Mut. Auto. Ins. Co., supra,* 14 Cal.3d at p. 479.) A contract cause of action does not accrue until the contract has been breached. (See 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 375, p. 402; *Niles* v. *Louis H. Rapoport & Sons* (1942) 53 Cal.App.2d 644, 651 [128 P.2d 50].) While the parties subject to an arbitration condition are negotiating in good faith before submitting to arbitration, or are delaying negotiation and arbitration by mutual agreement, there is no breach of the contract. Rather, the contract is breached only when one party refuses to submit to arbitration. It is at that time that the cause of action accrues.

Therefore, we hold that an insured's cause of action against an insurance company to compel arbitration of uninsured motorist benefits does not accrue, and the statute of limitations does not begin to run, until the insurance company refuses to arbitrate.[7] In the present case, the allegations

---

[6]As noted above, Spear preserved his cause of action against CSAA by filing suit against the uninsured motorist. If he had instead preserved his cause of action by instituting formal arbitration proceedings, and CSAA had then refused to submit to arbitration, the statute of limitations would have run from the time of CSAA's refusal.

[7]Several other jurisdictions that have considered when a cause of action to compel arbitration accrues have come to the same conclusion. Although none of these other jurisdictions have preconditions to accrual similar to those found in section 11580.2, subdivision (i), their reasoning is persuasive because, as stated earlier, the California statute does not state a *time* of accrual. The Minnesota Supreme Court held in *Har-Mar, Inc.* v. *Thorsen & Thorshov, Inc.* (1974) 300 Minn. 149 [218 N.W.2d 751] that a cause of action to compel arbitration accrues when a party to an arbitration agreement demands arbitration and the opposing party refuses. The court held that this conclusion was compelled by the language of the Uniform Arbitration Act, which stated, "On application of a party showing an [arbitration agreement], and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration." (*Id.,* 218 N.W.2d at pp. 755-756, citing Uniform Arbitration Act, § 572.09, subd. (a).) These requirements of allegations of the existence of an arbitration agreement and the refusal of the opposing party to arbitrate are virtually identical to the requirements stated in California law for bringing a petition to compel arbitration. (See Code Civ. Proc., § 1281.2.) (For other courts that have reached the same conclusion, see *Mitchell* v. *Alfred Hofmann, Inc.* (1958) 48 N.J.Super. 396 [137 A.2d 569, 574] [stating that cause of action for the breach of an obligation to arbitrate does not accrue until the defendant refuses the plaintiff's request to arbitrate]; *Reconstruction Finance Corp.* v. *Harrisons & Crosfield* (2d Cir. 1953) 204 F.2d 366, 369 [37 A.L.R.2d 1117], cert. den. 346 U.S. 854 [98 L.Ed. 368, 74 S.Ct. 69] [stating that

indicate that this refusal occurred early in 1990.[8] Spear petitioned to compel arbitration on April 18, 1990. As a result, Spear's claim was not barred by the four-year statute of limitations for actions on a written contract.

This conclusion does not conflict with the rule that a demand for arbitration must not be unreasonably delayed. ■ When an arbitration agreement does not specify the time within which arbitration must be demanded, a reasonable time is allowed; a party who does not demand arbitration within a reasonable time is deemed to have waived the right to arbitration. (*Sawday* v. *Vista Irrigation Dist.* (1966) 64 Cal.2d 833, 836 [52 Cal.Rptr. 1, 415 P.2d 816] (*Sawday*); see also *Davis* v. *Blue Cross of Northern California* (1979) 25 Cal.3d 418, 425-426 [158 Cal.Rptr. 828, 600 P.2d 1060]; *A. D. Hoppe Co.* v. *Fred Katz Constr. Co.* (1967) 249 Cal.App.2d 154, 161-162 [57 Cal.Rptr. 95, 25 A.L.R.3d 1162] (*A. D. Hoppe Co.*); *Meyer* v. *Carnow, supra,* 185 Cal.App.3d at pp. 174-175 & fn. 2.) "[W]hat constitutes a reasonable time is a question of fact, depending on the situation of the parties, the nature of the transaction, and the facts of the particular case. [Citations.]" (*Sawday, supra,* 64 Cal.2d at p. 836.) Among the facts a court may consider is any prejudice the opposing party suffered because of the delay. (See *A. D. Hoppe Co., supra,* 249 Cal.App.2d at pp. 161-162.)

■ While it is true that Spear's request for arbitration was delayed for several years, under circumstances such as those he has alleged there can be no question of unreasonable delay. Spear preserved his rights against CSAA by filing suit against the uninsured motorist within one year of the accident. (See § 11580.2, subd. (i).) He has alleged, and CSAA has not denied, that he

---

cause of action for breach of contractual obligation to arbitrate does not accrue until one party requests arbitration and the other refuses to comply].)

Other courts, in the context of deciding whether to apply the tort or the contract statute of limitations to uninsured motorist actions, have stated that actions to compel arbitration were not barred because they were brought within the contract limitations period from the time of the accident. (See, e.g., *DeLuca* v. *Motor Vehicle Acc. Indem. Corp.* (1966) 17 N.Y.2d 76 [268 N.Y.S.2d 289, 215 N.E.2d 482].) However, for the reasons stated above, we believe that the better reasoning leads to the conclusion that the right to petition to compel arbitration does not accrue until a party to the agreement has refused to submit to arbitration.

[8] As noted earlier, in January 1990, CSAA filed a motion to dismiss Spear's action against the uninsured motorist on the ground that he had waived his right to uninsured motorist benefits by failing to demand arbitration in a timely manner. Spear has alleged that CSAA informed him after the workers' compensation case was settled on January 20, 1990, that it would not settle his uninsured motorist claim and that he would have to take action to compel arbitration in order to recover uninsured motorist benefits. We need not decide here which of these actions constituted CSAA's refusal to arbitrate, as Spear's petition to compel arbitration was filed in April 1990, well within the limitations period for either event.

We note that Spear's petition does not rest on CSAA's mere *failure* to arbitrate, but on its positive indication that it was *unwilling* to arbitrate the claim. Thus, although Spear does not allege that he filed a formal demand for arbitration, the allegations indicate that CSAA's actions constituted a refusal to arbitrate for purposes of Code of Civil Procedure section 1281.2.

informed CSAA promptly of his intention to pursue a claim under his uninsured motorist coverage. Spear has also alleged that when the insurance company learned of the pending workers' compensation proceeding, it informed Spear that it would await the outcome of that action before settling the uninsured motorist claim, and that Spear agreed to notify CSAA when the workers' compensation claim was resolved.[9] Spear notified CSAA promptly when the workers' compensation claim was settled; his petition to compel arbitration was filed less than three months after the resolution of the workers' compensation case. The insurance company would have been able to proceed with its investigation as well in the absence of a formal demand for arbitration as it could have if Spear had demanded arbitration earlier and the proceedings had been stayed pending the outcome of the workers' compensation case; it is difficult to imagine how the delay in demanding arbitration in these circumstances might prejudice an insurer. Under circumstances such as those alleged here, it appears that it would be reasonable for an insured to delay a demand for arbitration.

Accordingly, we hold that a cause of action to compel arbitration of an uninsured motorist insurance claim does not accrue, and the statute of limitations does not begin to run, until one party has refused to submit to arbitration.[10]

## III. DISPOSITION

For the foregoing reasons, we reverse the judgment of the Court of Appeal. The cause is remanded for further proceedings consistent with this opinion.

Lucas, C. J., Mosk, J., Kennard, J., Arabian, J., Baxter, J., and George, J., concurred.

---

[9]As noted earlier, we express no opinion in this case on whether it was proper for the insurance company to delay settlement of the claim while the workers' compensation claim was pending. Our reasoning here is based on the fact that CSAA and Spear had agreed to this delay.

[10]Because we decide that Spear's cause of action did not accrue until CSAA refused to arbitrate rather than when Spear filed the suit against the uninsured motorist, we do not address his alternative argument that the statute of limitations on his cause of action against CSAA was tolled while the workers' compensation claim was proceeding. Nor do we decide whether the trial court erred in concluding that CSAA was not estopped by its conduct from asserting the defense of the statute of limitations. Accordingly, we do not express an opinion as the possible merits of those contentions.