[No. B078387. Second Dist., Div. Three. Sept. 26, 1995.]

ALLSTATE INSURANCE COMPANY, Plaintiff and Appellant, v. DANIEL GONZALEZ, Defendant and Appellant.

**COUNSEL**

Hiestand & Brandt and Herbert H. Hiestand, Jr., for Plaintiff and Appellant.

Randall Crane for Defendant and Appellant.

**OPINION**

**KLEIN, P. J.**—Plaintiff and appellant Allstate Insurance Company (Allstate), a corporation, appeals a judgment denying its prayer for declaratory relief.

Defendant and appellant Daniel Gonzalez (Gonzalez) cross-appeals the judgment.

The essential issues presented are whether Gonzalez's uninsured motorist claim against Allstate is barred by the statute of limitations or by his unreasonable delay in filing a demand for arbitration.

The applicable four-year statute of limitations for petitioning to compel arbitration of an uninsured motorist claim (Code Civ. Proc., § 337)[1] does not begin to run until the insurance company refuses to arbitrate. (*Spear* v. *California State Auto. Assn.* (1992) 2 Cal.4th 1035, 1040-1043 [9 Cal.Rptr.2d 381, 831 P.2d 821].) Because the record establishes there was no refusal by Allstate to arbitrate prior to its filing of a declaratory relief action in 1992, Gonzalez was not barred by the four-year statute of limitations from bringing a petition to compel arbitration.

However, the record also establishes unreasonable delay by Gonzalez in filing a demand for arbitration. Therefore, Gonzalez is deemed to have

---

[1]All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

waived his right to arbitration of his uninsured motorist claim. (*Spear*, v. *California State Auto Assn. supra*, 2 Cal.4th at p. 1043.)

Accordingly, the judgment is reversed with directions to enter a declaratory judgment in favor of Allstate to the effect Gonzalez waived arbitration by his unreasonable delay in making the demand, so as to bar the claim.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 1986, Allstate issued an automobile liability insurance policy to Victor Feliciano, Jr. (Feliciano) with uninsured motorist coverage for his automobile, which policy was in full force and effect on July 26, 1986. On that date, Gonzalez was operating the vehicle with Feliciano as a passenger in Los Angeles County, when they were involved in an accident with a vehicle owned by Skyway Rent-A-Car (Skyway) and rented to Richard Barker (Barker).

On July 15, 1987, Gonzalez filed a personal injury action against Barker and Skyway.

In March 1989, Gonzalez informed Allstate by letter there were uninsured motorist claims arising out of the accident. In October 1989, Allstate first advised Gonzalez to file a demand for arbitration with the American Arbitration Association (AAA) in Los Angeles.

However, it was not until nearly three years later, on February 5, 1992, that Gonzalez filed a demand for arbitration with the AAA at its Los Angeles office.[2]

In response, the AAA informed Allstate and Gonzalez that because Gonzalez resided in Fremont his uninsured motorist claim was being transferred to the AAA's San Francisco office pursuant to rule 7 of the AAA rules.[3]

Allstate filed the instant declaratory relief action on February 28, 1992, seeking a declaration of the rights and duties of Gonzalez and Allstate under the policy. Specifically, Allstate requested a determination that (1) Gonzalez was barred by the four-year statute of limitations (Code Civ. Proc., § 337)

---

[2] We are ill-advised as to the nature of the dispute due to the paucity of the record. However, it appears the dispute was sufficient to preclude an early resolution by way of settlement, requiring resort to the arbitration process.

[3] Rule 7 of the AAA's Accident Claims Arbitration Rules provided in relevant part: "Fixing of Locale. [¶] Either the county of residence of the insured or the county where the accident occurred may be designated by the insured as the locale in which the hearing is to be held."

from proceeding with his demand for arbitration of his claim for uninsured motorist benefits; (2) Gonzalez's uninsured motorist claim was further barred because the owner and the operator of the opposing vehicle were insured for damages; and (3) Allstate was not obligated under the terms of the policy issued to Feliciano to defend Gonzalez's claim for uninsured motorist benefits under AAA rule 7, except in Los Angeles County, contrary to the AAA's position with respect to the appropriate locale for the hearing.

Following the issuance of the Supreme Court's decision in *Spear*, Allstate obtained leave to amend the declaratory relief complaint to include the allegation Gonzalez waived arbitration of his uninsured motorist claim by his unreasonable delay in filing the demand.

After answering the complaint, Gonzalez moved for summary judgment. In said motion, Gonzalez contended he had complied with the statute of limitations by filing his personal injury action within one year of the accident and by demanding arbitration within four years after commencing such action. Further, Allstate had not offered any evidence of insurance on the part of either Skyway or Barker, and George Akoboff, manager and owner of Skyway, testified at deposition and stated in interrogatory responses Skyway lacked insurance coverage. Lastly, Allstate had not provided any authority for its assertion it is unconstitutional for an uninsured motorist action to be filed at the residence of the plaintiff, and section 1292, pertaining to arbitration venue, provides arbitration may be held where any party to the court proceeding resides.

The trial court denied Gonzalez's summary judgment motion.

Allstate then moved for summary judgment, contending the statute of limitations had run so as to bar Gonzalez's uninsured motorist claim against Allstate.

Apparently, Allstate's summary judgment motion likewise was denied.

The declaratory relief action was tried to the court on June 21, 1993. Following submission of the matter, the trial court issued a statement of decision which provided in relevant part:

In March 1989, Gonzalez informed Allstate of an uninsured motorist claim arising out of the July 1986 accident. On February 5, 1992, Gonzalez filed a demand for arbitration with the AAA in Los Angeles. ". . . Whether judicial issues are properly framed for the Court's determination in the

instant matter is determined by the application of [section 1281.2][4] . . . . [¶] . . . [¶] . . . All of the evidence received in the trial constitutes and establish[es] efforts by [Allstate and Gonzalez] to further the uninsured motorist arbitration process and to the date of filing of the Complaint, neither side had refused to arbitrate the uninsured motorist claims. [¶] . . . [¶] . . . Based upon [section] 1281.2 and *Spear* v. *California State Auto Association* (1992) 2 Cal.4th 1035 [9 Cal.Rptr.2d 381, 831 P.2d 821] the Court concludes that the remedy of plaintiff Allstate at law is adequate, and that the required procedural steps have not been taken to warrant the relief sought. [¶] . . . The Court therefore makes no findings on the merits of the issues of the Statute of Limitations, the Doctrine of Waiver and the retransfer of the uninsured motorist hearing in the Gonzalez action to Los Angeles County." [5]

On August 16, 1993, the trial court entered judgment denying Allstate's prayer for declaratory relief.

Allstate appealed the judgment and Gonzalez cross-appealed.

## CONTENTIONS

■ Allstate contends Gonzalez is time barred on his uninsured motorist arbitration demand because he failed to satisfy the statute of limitations and waived his rights by unreasonable delay, the trial court was under a duty to rule on the issues, and transfer of the Gonzalez uninsured motorist action by the AAA from Los Angeles County to San Francisco County violates section 395 and the California Constitution.

Gonzalez concurs the trial court erred in declining to rule on the issues and contends this court should modify the judgment by declaring: the four-year statute of limitations has not run on his demanding arbitration, he has not waived his right to arbitration and Allstate acquiesced in any delay.

We address the relevant issues in the discussion, *post.*

---

[4]Section 1281.2, found within the chapter pertaining to enforcement of arbitration agreements, relates to petitions to compel arbitration. It provides in relevant part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: . . ." (§ 1281.2.)

[5]The trial court's ruling does not appear to be responsive to the issues. Further, we cannot grasp from the statement of decision why the trial court declined to reach the merits of any of the several issues raised in the declaratory relief action.

## Discussion

We agree with both Allstate and Gonzalez the trial court missed the mark in declining to address the issues of the running of the statute of limitations and waiver and examine those contentions in light of the record before us.

1. *Gonzalez's uninsured motorist claim not barred by four-year statute of limitations.*

Allstate contends Gonzalez's uninsured motorist claim is time barred because the four-year statute of limitations for seeking arbitration begins to run from the date of timely filing of a court action against the uninsured motorist. Gonzalez filed a timely civil action on July 15, 1987, yet did not file a demand for arbitration with the AAA until February 5, 1992, beyond the four-year mark.

Allstate's position with respect to accrual of the four-year statute of limitations to compel arbitration is plainly erroneous.

Under section 1281.2, a party to an agreement to arbitrate may not bring an action to compel specific performance of the arbitration provision until he or she can allege not only the existence of the agreement, but also that the opposing party *refuses* to arbitrate the controversy. (*Spear* v. *California State Auto. Assn. supra*, 2 Cal.4th at p. 1041.) A contract cause of action does not accrue until the contract has been breached. Therefore, a cause of action to compel arbitration does not accrue until "one party refuses to submit to arbitration." (*Id.,* at p. 1042.)

Thus, pursuant to section 1281.2, our Supreme Court held in *Spear* ". . . an insured's cause of action against an insurance company to compel arbitration of uninsured motorist benefits does not accrue, and the statute of limitations does not begin to run, until the insurance company refuses to arbitrate." (*Spear* v. *California State Auto. Assn. supra*, 2 Cal.4th at p. 1042, fn. omitted.) In *Spear*, the allegations indicated the insurer's refusal occurred early in 1990, the insured petitioned to compel arbitration on April 18, 1990, and as a result the insured's claim was not barred by the four-year statute of limitations on a written contract. (*Id.,* at pp. 1042-1043.)

In the instant case, as the trial court found, prior to the filing of the declaratory relief action by Allstate on February 28, 1992, neither party had refused to arbitrate the uninsured motorist claim. Consequently, Allstate's contention it is entitled to a judicial determination Gonzalez is barred by the four-year statute of limitations from petitioning to compel arbitration is without merit.

2. *Gonzalez's unreasonable delay in demanding arbitration amounts to a waiver of the right to arbitrate.*

██ Although Gonzalez is not barred by the four-year statute of limitations from petitioning to compel arbitration, the issue remains as to whether he waived his right to arbitration through unreasonable delay in making the demand.

██ *Spear* explains the conclusion a claimant has four years following an insurer's refusal to arbitrate to petition to compel arbitration "does not conflict with the rule that a demand for arbitration must not be unreasonably delayed. When an arbitration agreement does not specify the time within which arbitration must be demanded, a reasonable time is allowed; a party who does not demand arbitration within a reasonable time is deemed to have waived the right to arbitration. [Citations.] '[W]hat constitutes a reasonable time is a question of fact, depending on the situation of the parties, the nature of the transaction, and the facts of the particular case. [Citations.]' [Citation.] Among the facts a court may consider is any prejudice the opposing party suffered because of the delay. [Citation.]" (*Spear* v. *California State Auto. Assn. supra,* 2 Cal.4th at p. 1043.)

We observe that *Spear*'s requirement that a demand for arbitration not be unreasonably delayed is consistent with the general rule requiring reasonable diligence in the prosecution of actions, at *every* stage of the proceedings. (*Schumpert* v. *Tishman Co.* (1988) 198 Cal.App.3d 598, 603 [243 Cal.Rptr. 810]; *Tejada* v. *Blas* (1987) 196 Cal.App.3d 1335, 1340 [242 Cal.Rptr. 538].)

In the instant case, because the essential facts are undisputed and only one reasonable inference may be drawn therefrom, the issue of unreasonable delay by Gonzalez in demanding arbitration is a question of law for this court. (See *Fullerton Union High School Dist.* v. *Riles* (1983) 139 Cal.App.3d 369, 383 [188 Cal.Rptr. 897].)

a. *Factual summary.*

██ The subject accident occurred on July 26, 1986. Nearly one year later, on July 15, 1987, Gonzalez, represented by counsel, filed a personal injury action against Barker and Skyway.[6] Barker never was served and never appeared in the action. In late 1988, Gonzalez learned through discovery Skyway was uninsured.

On March 8, 1989, Gonzalez's then attorney, Roy E. Harper (Harper) wrote Allstate that Gonzalez was making a claim for uninsured motorist

---

[6]That action was dismissed for lack of prosecution in 1990, which dismissal is now final.

benefits and stated: "We would like to proceed with an uninsured motorist arbitration in this matter."

Allstate responded in a letter dated June 30, 1989, which requested further information, including affidavits from the alleged uninsured party affirming the lack of liability insurance.

On October 19, 1989, Allstate's attorney, Herbert H. Hiestand, Jr. (Hiestand), wrote Harper to advise that Hiestand's firm had been retained by Allstate "to represent it in the uninsured motorist claims *for which you have made formal demands at Arbitration in your letter of March 8, 1989. Please file the Demand for Arbitration at the [AAA] office in Los Angeles, Ca. . . .* As a courtesy to you, I enclose herewith the address . . . . I would appreciate receiving a copy of the traffic accident investigation report for the accident as I have absolutely no information on either liability or damages as I begin to prepare for the Arbitration Hearing." (Italics added.)[7]

Hiestand then was advised by Harper's office it no longer represented Gonzalez. On November 13, 1989, Hiestand wrote Susan Rossel (Rossel), Allstate's senior staff claims representative, that he would "check [the] court files in the next few days to see if another law firm has appeared as there is nothing for us to do until a Demand for Arbitration has been filed."

On February 6, 1990, the law firm of Baumann & Rose advised Rossel it was now representing Gonzalez with respect to his uninsured motorist claim. The letter added: *"Also note that we are filing a demand for arbitration."* (Italics added.)

On October 16, 1990, Hiestand wrote the following letter to Baumann & Rose: "I enclose another copy of the October 19, 1989 letter . . . . I have been waiting for a year as [former counsel] stepped out of the case and your clients then represented themselves and finally have retained your firm *for someone to file the Demand for Arbitration at the A.A.A.* and notify it that our office will represent Allstate. We will then move the case quickly to resolution." (Italics added.)

In February 1991, Randall Crane (Crane) substituted into the case in place and stead of Baumann & Rose. Allstate was advised of the substitution on May 24, 1991.

On October 18, 1991, Hiestand wrote to Crane: *"I recommend that you file a formal Demand for Arbitration at the [AAA]* and inform it that our office

[7]Although Hiestand's letter characterized Harper's March 8, 1989, letter as a "formal demand," Hiestand's letter clearly was an entreaty to Harper that Gonzalez file a formal demand with the AAA to set the arbitration in motion.

will represent Allstate. That will speed the time in which to file an answer and begin trial preparation activities. I enclose the address in Los Angeles for the [AAA]." (Italics added.)

Finally, on February 5, 1992, some three years and several months after Gonzalez learned Skyway was uninsured, Gonzalez filed a demand for arbitration of the uninsured motorist claim with the AAA in Los Angeles.

> b. *Factual summary establishes unreasonable delay by Gonzalez in demanding arbitration.*

As detailed above, Gonzalez learned in late 1988 Skyway was uninsured, yet waited three years and several months to file a formal demand for arbitration with the AAA, despite repeated advisements by Hiestand to that effect. Although there were several substitutions of attorney, Gonzalez had legal representation during the relevant period and no reasonable explanation has been proffered for the extreme delay in filing a simple demand form with the AAA.

Contrary to Gonzalez's contention, the March 8, 1989, letter from Harper to Allstate, stating Gonzalez would like to proceed with arbitration, was insufficient to trigger arbitration. Insurance Code section 11580.2, subdivision (f), requires uninsured motorist policies to provide "the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration." The subdivision goes on to state: "Any demand or petition for arbitration *shall contain a declaration, under penalty of perjury*, stating whether (i) the insured has a workers' compensation claim; (ii) the claim has proceeded to findings and award . . . , and (iii) if not, what reasons amounting to good cause are grounds for the arbitration to proceed immediately." (Italics added.) In view of what the statute requires, the March 8, 1989, letter from Harper was not a proper demand and Hiestand properly directed Gonzalez's attorneys on several occasions, to file a formal demand with the AAA. However, it was not until February 5, 1992, that Gonzalez filed the formal demand with the requisite declaration.

We recognize "either party to an arbitration contract may demand arbitration." (*American Home Assurance Co.* v. *Benowitz* (1991) 234 Cal.App.3d 192, 202 [285 Cal.Rptr. 626].) Nonetheless, the burden of prosecution is always with the plaintiff or claimant. (See *Schumpert* v. *Tishman Co., supra*, 198 Cal.App.3d at p. 603; *Tejada* v. *Blas, supra*, 196 Cal.App.3d at p. 1340.) Although Allstate had the right to seek arbitration,

the burden rested with Gonzalez to pursue arbitration. Further, Allstate's counsel repeatedly advised Gonzalez to file a demand with the AAA, to no avail. Gonzalez cannot avoid the consequences of his own lack of diligence by attempting to shift to Allstate the responsibility for pursuing arbitration of his uninsured motorist claim.

Gonzalez further contends Allstate was not prejudiced by his delay in demanding arbitration. We note *Spear* found a lack of prejudice to the insurer, only after it determined the insured's delay in requesting arbitration was not unreasonable. (*Spear* v. *California State Auto Assn.*, *supra*, 2 Cal.4th at pp. 1043-1044.) While lack of prejudice is a factor to weigh when the claimant has been diligent, given Gonzalez's protracted and unexplained delay in filing a formal demand for arbitration with the AAA, it is unnecessary to address whether Allstate established it was prejudiced by the delay. (See *Schumpert* v. *Tishman Co.*, *supra*, 198 Cal.App.3d at p. 606; *Ladd* v. *Dart Equipment Corp.* (1991) 230 Cal.App.3d 1088, 1102 [281 Cal.Rptr. 813].)

Lastly, we reject Gonzalez's argument Allstate acquiesced in the delay. On three occasions, in October 1989, October 1990 and October 1991, Hiestand urged Gonzalez's counsel to file a demand for arbitration with the AAA. Even after the third letter from Hiestand, nearly four more months elapsed until filing of the formal demand.

In sum, on this record, we find Gonzalez's prolonged inaction to be unreasonable as a matter of law so as to give rise to a waiver of the right to arbitration of his uninsured motorist claim. (*Spear* v. *California State Auto. Assn.*, *supra*, 2 Cal.4th at p. 1043.)

In view of our resolution of the foregoing issues, it is unnecessary to reach the issue of retransfer of the arbitration proceeding to Los Angeles County from San Francisco or any other arguments of the parties.

DISPOSITION

The judgment denying Allstate's prayer for declaratory relief is reversed with directions to enter a declaratory judgment in favor of Allstate to the effect that Gonzalez waived arbitration of his uninsured motorist claim by his unreasonable delay in filing the demand, so as to bar the claim.

Allstate to recover costs on appeal.

Croskey, J., and Aldrich, J., concurred.

The petition of Daniel Gonzalez for review by the Supreme Court was denied January 18, 1996.