Filed 10/30/20  Emami v. Zurich American Insurance Company CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KHASHAYAR EMAMI,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>  Defendant and Respondent. | F078917<br><br>(Super. Ct. No. BCV-18-101307)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Linda S. Etienne, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)

Perona, Langer, Beck, Serbin & Harrison and Ellen R. Serbin for Plaintiff and Appellant.

Mavredakis Cranert and James F.B. Sawyer for Defendant and Respondent.

-ooOoo-

Appellant Khashayar Emami (Emami) appeals from the trial court's denial of a petition to compel arbitration with his insurer, respondent Zurich American Insurance

---

[*]      Before Levy, Acting P.J., Detjen, J. and Peña, J.

Company (Zurich), of Emami's underinsured motorist claim (the petition). Because the petition and the claim alleged therein were not made until approximately seven years after the automobile accident took place, it is presumed that the trial court's denial of the petition was on the ground of unreasonable delay or untimeliness. In his appeal, Emami contends the trial court erred because the delay in bringing the petition was not shown to be prejudicial. Zurich disagrees, arguing it was prejudiced by the prolonged passage of time, including because it will be far more difficult to adequately investigate and verify whether or to what extent Emami's present condition can be attributed to the subject automobile accident. Under the unique facts and circumstances of this case, we conclude the trial court correctly denied the petition based on unreasonable delay resulting in a waiver of the right to arbitrate. Accordingly, the order of the trial court denying the petition is affirmed.

## FACTS AND PROCEDURAL HISTORY

On February 8, 2011, Emami was in an automobile accident. A record entitled Automobile Loss Notice indicated that Emami was driving a tractor-trailer vehicle owned by his employer, MK Transport Specialist Inc., when the other driver rear-ended the vehicle. According to a declaration filed by Emami's attorney over seven years later in connection with the petition, Emami suffered bodily injuries to his neck, lower back and left elbow as a result of the accident.

At the time of the 2011 accident, Emami was an insured under an automobile insurance policy issued by Zurich to MK Transport Specialist Inc., which policy included provisions for uninsured and underinsured motorist coverage. On February 17, 2011, Emami's attorney sent a letter of representation to Zurich referring to the policy number and the date of the accident. The letter also advised Zurich that it may consider the letter to be a claim under the "medical payment" provision of the policy and "possibly an uninsured/underinsured motorist claim as well."

However, Emami never submitted any injury or medical expense documentation to Zurich for its consideration of any claim for medical benefits or for any other type of claim. By September 24, 2011, with no submission of documentation and no further communication from Emami's counsel despite multiple requests, the claim file was closed by Zurich on the assumption the claim had been abandoned.

On January 3, 2013, Emami settled with the negligent driver for the policy limits in the sum of $15,000, without filing an action. According to Zurich, it was not informed by Emami that the adverse driver was underinsured or that Emami reached a policy limit settlement with that driver.

On October 26, 2017, Emami served a "Demand for *Uninsured* Motorist Arbitration" to Zurich. (Italics added.) On December 19, 2017, Zurich responded by letter denying uninsured motorist coverage because Emami had not timely complied with Insurance Code section 11580.2, subdivision (i). That subdivision applies to uninsured motorist claims and specifies action to be taken within two years from the date of the accident for such a claim or cause of action to accrue.

On March 21, 2018, Emami sent a letter to Zurich stating that Emami was seeking *underinsured* motorist arbitration, not uninsured motorist arbitration as had been previously indicated, and therefore Insurance Code section 11580.2, subdivision (i) was inapplicable. On April 23, 2018, Emami submitted a demand to Zurich for arbitration of his underinsured motorist claim. Zurich denied the request.

On May 31, 2018, Emami filed a pleading in the trial court regarding jurisdictional matters related to Emami's intention to file a motion or petition to compel arbitration. The pleading stated that (1) Emami sustained bodily injuries from the February 8, 2011 automobile accident; (2) Emami settled his claim against the negligent driver for the policy limits on January 3, 2013, which settlement amount was insufficient to properly compensate Emami for his injuries; and (3) Zurich issued an automobile insurance policy

3.

under which Emami is an insured, which policy provides for both uninsured and underinsured motorist coverage.

On August 1, 2018, after additional correspondence was exchanged between Emami's counsel and Zurich, Zurich sent a final denial letter with extensive discussion. After summarizing the facts, including that more than seven years had passed since the accident, no medical documentation was ever submitted to Zurich at any time, no evidence was ever submitted that the adverse driver was underinsured, and Zurich was not notified of the 2013 settlement with the adverse driver, the denial letter concluded that Emami's claim or demand was being denied as untimely since Emami's rights "lapse[d] due to the passage of more than seven years."

On August 2, 2018, Emami filed the petition at issue in the present appeal, which petition was to compel underinsured motorist arbitration and is referred to herein as the petition. In a nutshell, the petition asserted that under the facts presented—i.e., the automobile accident, the existence of underinsured motorist coverage, and the policy-limit settlement with the negligent driver, Emami was entitled to arbitration of his underinsured motorist claim.

Zurich's opposition to the petition emphasized the same facts as were set forth in its August 1, 2018 denial letter (see above). Zurich argued that the facts of Emami's claim and how it proceeded constituted a *waiver* of the right to compel arbitration under Code of Civil Procedure section 1281.2. Further, Zurich also argued the petition should be denied under various provisions of Insurance Code section 11580.2, including subdivision (c)(3) (indicating consent of insurer needed for settlement with negligent party), subdivision (f) (requiring declaration from insured as to workers compensation claim), and subdivision (i) (stating a 2-year time limit for one or more specified actions to be taken, without which the claim does not accrue).

Emami's reply in support of the petition was filed on September 6, 2018. Emami's reply correctly pointed out that, under applicable case law construing Insurance

4.

Code section 11580.2, neither the consent requirement set forth in subdivision (c)(3) nor the timing provision in subdivision (i) are applicable to *underinsured* motorist claims. (*Hartford Fire Ins. Co. v. Macri* (1992) 4 Cal.4th 318, 329 [consent requirement excluded from underinsured motorist provisions]; *Quintano v. Mercury Casualty Co.* (1995) 11 Cal.4th 1049, 1052, 1066–1067 [Ins. Code, § 11580.2, subd. (i) time limitation not applicable to underinsured motorist claims].) Emami further argued that Insurance Code section 11580.2, subdivision (f), did not require a declaration to be filed relating to any worker's compensation claim because Emami allegedly had no rights to workers' compensation benefits resulting from the collision. Finally, Emami argued that in order for a waiver of the right to arbitrate to be found, there would ordinarily have to be delay *plus* prejudice; but here, Zurich failed to present evidence to show any actual prejudice was caused from the delay in this case.

Additionally, Emami's reply in support of his petition offered a purported reason for the delay in seeking arbitration. The following was set forth in a declaration by Emami's attorney submitted with the reply papers: "[Emami] suffered injuries to his neck, low back and left elbow. [¶] … Despite [Emami's] attempts to seek medical treatment and comply with the recommended surgery, he was unable to proceed due to high blood pressure and diabetic complications. Unfortunately, [Emami] was eventually hospitalized in August 2013 due to health complications and has required hospitalization several times a year from 2013 to the present. [¶] … [Emami] has been informed by his doctor that despite the need for left elbow surgery, he is not a surgical candidate until he controls his diabetes and blood pressure. During the course of the last five (5) or six (6) years, [Emami] has continued working with his doctors in the hopes of getting healthy and proceeding with the extensor release of the left elbow."

The hearing on the petition was conducted in the trial court on September 13, 2018. After oral argument, the trial court granted permission to Zurich's attorney to submit further briefing. There was no court reporter present for the hearing; therefore,

5.

there is no transcript of those proceedings. Zurich filed supplemental briefing on *Quintano v. Mercury Casualty Co.*, *supra*, arguing among other things that *Quintano* left open the possibility of finding that an "unreasonable delay" may potentially preclude a tardy claim for underinsured motorist coverage on equitable grounds.

On September 27, 2018, the trial court took the case under submission. On December 10, 2018, the trial court issued a minute order stating its terse ruling: "The petition is denied." No explanation was provided. The minute order directed Zurich "to submit an order accordingly." Emami requested a statement of decision, asking the trial court to explain the legal and factual basis for its decision. The trial court denied the request.

On January 24, 2019, Zurich filed and served a notice of entry of the trial court's order on the petition. On March 1, 2019, Emami timely filed a notice of appeal from the order denying the petition.

## DISCUSSION

### I. Standard of Review

" 'There is no uniform standard of review for evaluating an order denying a motion to compel arbitration. [Citation.] If the court's order is based on a decision of fact, then we adopt a substantial evidence standard. [Citations.] Alternatively, if the court's denial rests solely on a decision of law, then a de novo standard of review is employed. [Citations.]' " (*Avery v. Integrated Healthcare Holdings, Inc.* (2013) 218 Cal.App.4th 50, 60.) Threshold factual issues bearing on arbitrability are reviewed under the substantial evidence test (*Ramos v. Westlake Services LLC* (2015) 242 Cal.App.4th 674, 686), while the interpretation of the written arbitration agreement generally presents an issue of law that is reviewed de novo. (*Avery v. Integrated Healthcare Holdings, Inc.*, *supra*, 218 Cal.App.4th at p. 60.) The interpretation or application of a statute presents a question of law subject to our independent review. (*Robertson v. Health Net of California, Inc.* (2005) 132 Cal.App.4th 1419, 1425.)

6.

Importantly, " ' "[W]e review the trial court's order, not its reasoning, and affirm an order if it is correct on any theory apparent from the record." ' [Citation.]" (*Ramos v. Westlake Services LLC*, *supra*, 242 Cal.App.4th at p. 686.)

## II. The Statute Governing Underinsured Motorist Coverage

Uninsured and underinsured motorist policies are governed generally by Insurance Code section 11580.2, which requires automobile liability insurers to offer insurance for bodily injury or wrongful death caused by both uninsured and underinsured motorists.[1] (*Quintano v. Mercury Casualty Co.*, *supra*, 11 Cal.4th at p. 1053.) The provisions of the statute are deemed a part of every uninsured and underinsured motorist policy. (*Hartford Fire Ins. Co. v. Macri*, *supra*, 4 Cal.4th 318, 324.) As used in the statute, the term "uninsured motor vehicle" generally includes "underinsured motor vehicle." (§ 11580.2, subd. (b).)

Subdivision (p) of section 11580.2 specifically applies to underinsured motorist coverage, and to the extent that its terms conflict with the provisions of subdivisions (a) through (o), the terms of subdivision (p) prevail. (§ 11580.2, subd. (p).) Underinsured motorist coverage "does not apply to any bodily injury *until* the limits of bodily injury liability policies applicable to all insured motor vehicles causing the injury have been exhausted by payment of judgments or settlements, and proof of payment is submitted to the insurer providing the underinsured motorist coverage." (§ 11580.2, subd. (p)(3), italics added.) This "requires exhaustion of the tortfeasor's policy limits and submission of proof of payment to the insurer." (*Wedemeyer v. Safeco Ins. Co. of America* (2008) 160 Cal.App.4th 1297, 1303.) Once this requirement is met, "the insurer is liable for underinsured motorist coverage only to the extent the insured's coverage exceeds the amount paid to the insured by or on behalf of the underinsured motorist." (*Ibid.*;

---

[1] Unless otherwise indicated, all further statutory references are to the Insurance Code.

§ 11580.2, subd. (p)(4).)  Further, "[t]he insurer paying a claim under this subdivision shall, to the extent of the payment, be entitled to reimbursement or credit in the amount received by the insured from the owner or operator of the underinsured motor vehicle or the insurer of the owner or operator."  (§ 11580.2, subd. (p)(5).)

Because of differences between how uninsured motorist coverage and underinsured motorist coverage operate, certain requirements set forth in section 11580.2 have been held to apply only to uninsured motorist coverage, not to underinsured motorist coverage.  (See, e.g., *Quintano v. Mercury Casualty Co*., *supra*, 11 Cal.4th at pp. 1066–1067 [timing requirements of § 11580.2, subd. (i) held inapplicable to underinsured motorist claims]; *Hartford Fire Ins. Co. v. Macri*, *supra*, 4 Cal.4th at pp. 326–328 [advance consent requirement of § 11580.2, subd. (c)(3) held inapplicable to underinsured motorist coverage].)

Section 11580.2, subdivision (f), provides for arbitration where an insurer and the insured are unable to agree on whether (1) the insured is entitled to recover against the uninsured motorist; and (2) if so, the amount of the damages.  (§ 11580.2, subd. (f); *Freeman v.  State Farm Mut. Auto. Ins. Co*. (1975) 14 Cal.3d 473, 480.)  Unless the insured and insurer agree to a broader scope of arbitration, the mandated arbitration is limited to these two issues; other issues—such as coverage issues—are not arbitrable. (*Bouton v. USAA Casualty Ins. Co*. (2008) 43 Cal.4th 1190, 1200–1201; *Case v. State Farm Mutual Automobile Ins. Co., Inc*. (2018) 30 Cal.App.5th 397, 403.)  Section 11580.2, subdivision (f) is applicable to both uninsured and underinsured motorist coverage.  (*Bouton v. USAA Casualty Ins. Co*., *supra*, 43 Cal.4th 1190, 1201.).

## III.  The Trial Court Did Not Err in Denying the Petition

As noted, the trial court's order denying the petition did not explain the basis for the ruling.  However, our task is to review the trial court's order, not its reasoning, and we will affirm the order if it is correct on any theory apparent from the record.  (*Ramos v. Westlake Services LLC*, *supra*, 242 Cal.App.4th at p. 686.)  In claiming the trial court

erred, Emami primarily argues that delay alone, without an adequate showing of prejudice, does not provide a sufficient basis for finding a waiver of the right to arbitrate. Emami also argues that none of the provisions of section 11580.2 preclude his right to arbitration of the underinsured motorist claim. In response, Zurich contends the record shows the trial court's order denying the petition was correct on several distinct grounds and, thus, should be affirmed. Zurich argues that denial of the petition was proper because, among other reasons, (i) the nature of the parties' dispute was not arbitrable, (ii) a statutory requirement of section 11580.2 was unmet, and (iii) the unreasonable delay in this case resulted in a waiver of the right to arbitrate.

As explained more fully below, we conclude the trial court's ruling was correct on two of the grounds pointed out by Zurich, including that unreasonable delay resulted in a waiver of the right to arbitrate. Preliminarily, we discuss the issue of whether the subject matter of the parties' dispute was not arbitrable.

A. Whether the Parties' Dispute Was Not Arbitrable

Zurich argues the trial court's denial of the petition was correct because, according to Zurich, the parties' dispute was not within the scope of the arbitration agreement set forth in the policy. Of course, if that were the case, no basis for compelling arbitration would exist. The law is clear that although there is a strong policy in favor of enforcing agreements to arbitrate, "there is no policy compelling persons to accept arbitration of controversies which they have not agreed to arbitrate and which no statute has made arbitrable." (*Freeman v. State Farm Mut. Auto. Ins. Co.*, *supra*, 14 Cal.3d at p. 481.)

Here, the policy language, consistent with section 11580.2 subdivision (f), only provides for arbitration of disagreements as to two narrow issues: whether the insured is legally entitled to recover damages from the owner or driver of the underinsured vehicle,

9.

and if so, the amount of damages that are recoverable by the insured.[2] The policy further states that "disputes concerning coverage under this endorsement may not be arbitrated."

Zurich argues that Emami and Zurich were not engaged in a dispute within the narrow scope of the arbitration language. According to Zurich, the parties' dispute was *not* whether Emami has a valid claim for recovery against the other motorist, or if so, what the amount of damages against that person were, but rather it was fundamentally a dispute about *coverage*. In other words, Zurich posits that the gravamen of the parties' dispute was a coverage issue of whether the claim for uninsured motorist benefits under the policy may be treated as lapsed or time-barred by Zurich under equitable doctrines such as laches, waiver or estoppel in light of Emami's lengthy delay in seeking such benefits.

The record is not as clear on this question as Zurich maintains. Although it is true that Zurich, in both its denial letter and in the trial court proceedings, referred to the legal effect of Emami's delay, Zurich's discussion of that issue primarily related to the timing requirements of section 11580.2 subdivision (i), which are not applicable to underinsured motorist claims. Moreover, there is nothing in the record to reflect that Zurich specifically asserted that equitable doctrines such as waiver, laches or estoppel defeated *coverage* of the claim of underinsured motorist coverage. However, Zurich *did* assert that the right to compel arbitration had been waived.[3] Thus, even assuming the parties have not yet sought to resolve such arbitrable issues as the amount of damages which may be recoverable from the other driver, that may simply be because Zurich has insisted that the right to arbitrate was waived. In light of these several considerations, this court is

---

[2]     Under the policy, the term uninsured motor vehicle includes an underinsured motor vehicle.

[3]     Of course, where a party refuses to arbitrate on the ground that the right to arbitrate a dispute has been waived, the trial court may resolve the waiver issue in deciding a petition to compel arbitration. (Code Civ. Proc., § 1281.2, subds. (a) & (b) [grounds for waiver or rescission determined on petition].)

not in a position to clearly ascertain whether the matter of Emami's lengthy delay was raised by Zurich (in its communications with Emami and papers filed in the trial court) as a basis to resist arbitration on the ground of waiver of the right to arbitrate, or conversely, whether it was raised as a total bar to coverage on equitable grounds.

For these reasons, and because we find Zurich's appellate briefing on this issue to be perfunctory and inadequately developed, we are unable to conclude from the record that Emami was seeking to arbitrate issues that were not arbitrable under the policy language. Therefore, this particular argument falls short and does not provide a rationale for concluding the trial court's order was correct. However, as explained below, the record shows that *other* grounds do exist for affirming the trial court's order.

B. <u>Failure to Meet Statutory Requirement for Relief</u>

As pointed out by Zurich in the trial court and on appeal, Emami failed to comply with one of the statute's prerequisites to seeking arbitration. Zurich argues that this failure provides a sufficient basis for affirming the trial court's order denying the petition. We agree.

Section 11580.2, subdivision (f), requires that "[a]ny demand or petition for arbitration shall contain a declaration, under penalty of perjury, stating whether (i) the insured has a workers' compensation claim; (ii) the claim has proceeded to findings and award or settlement on all issues reasonably contemplated to be determined in that claim; and (iii) if not, what reasons amounting to good cause are grounds for the arbitration to proceed immediately." The intent of the provisions in subdivision (f) regarding worker's compensation are to prevent double recovery. (See *Rangel v. Interinsurance Exchange* (1992) 4 Cal.4th 1, 8–9; see also § 11580.2, subd. (h)(1).) Here, contrary to the above stated statutory requirement for seeking arbitration, Emami failed to present a declaration under penalty of perjury concerning whether he has a worker's compensation claim in connection with this matter.

Emami's attorney argues the worker's compensation declaration requirement should not be deemed applicable to his client because, according to the attorney, his client did not have a claim for worker's compensation benefits. Even if true, no reason is given for not filing the required declaration under penalty of perjury. Especially in view of the fact that Emami was driving his employer's vehicle at the time of the collision—a situation in which worker's compensation might reasonably be expected to be involved—there does not appear to be any principled basis to simply ignore the statutory requirement. Moreover, the Legislature saw fit to require a declaration under penalty of perjury, not a bare assertion of counsel. (See *Allstate Ins. Co. v. Gonzalez* (1995) 38 Cal.App.4th 783, 792 [request deemed insufficient to trigger arbitration if requisite declaration not included].)

Therefore, we conclude the trial court's denial of relief was supported by the fact that Emami's petition was deficient or incomplete because it failed to comply with the statutory requirement of presenting a declaration under penalty of perjury stating whether Emami has a worker's compensation claim.

## C. Unreasonable Delay Resulted in Waiver of Right to Arbitrate

According to Zurich, a further reason the trial court correctly denied the petition in this case is that of *waiver* caused by unreasonable delay in seeking arbitration. We agree.

Although arbitration is favored and waiver is not to be lightly inferred, California courts have found a waiver of the right to demand arbitration in a variety of contexts, ranging from situations in which the petitioning party has unreasonably delayed in undertaking the procedure to instances in which the petitioning party has previously taken steps inconsistent with an intent to invoke arbitration, as well as to situations of bad faith or willful misconduct. (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1196.) Waiver is not a mechanical process and no single test delineates what will constitute a waiver of arbitration. (*Id*. at p. 1195; *Fleming Distribution Co. v. Younan* (2020) 49 Cal.App.5th 73, 80.)

12.

"When an arbitration agreement does not specify the time within which arbitration must be demanded, a reasonable time is allowed; a party who does not demand arbitration within a reasonable time is deemed to have waived the right to arbitration. [Citations.] '[W]hat constitutes a reasonable time is a question of fact, depending on the situation of the parties, the nature of the transaction, and the facts of the particular case. [Citations.]' [Citation.] Among the facts a court may consider is any prejudice the opposing party suffered because of the delay." (*Spear v. California State Auto. Assn.* (1992) 2 Cal.4th 1035, 1043.)

The question of waiver is ordinarily a question of fact and will be upheld if it is supported by substantial evidence. (*Fleming Distribution Co. v. Younan*, *supra*, 49 Cal.App.5th at p. 81.) "Where the relevant facts are undisputed and only one inference may reasonably be drawn from the facts, the waiver issue may be reviewed do novo." (*Ibid*.)

Under either standard, we affirm the trial court's order based on waiver of the right to arbitrate as shown by the record. As noted in our summary of the factual background, after the 2011 accident no documentation of any medical expense or of any injury allegedly sustained by Emami in the accident was ever provided to Zurich. Zurich eventually closed its file as there were no claims to consider or investigate. Additionally, Zurich was not provided any information that the other driver was underinsured or that, in 2013, Emami settled with the other driver for the policy limit of $15,000. By the time Emami finally made it known to Zurich that he was claiming entitlement to underinsured motorist benefits and a demand for arbitration thereof had been made, it had been more than seven years since the time of the accident.

According to Zurich, not only was the long delay in seeking arbitration of the underinsured motorist claim unreasonable, it was also prejudicial. As explained by Zurich: "Zurich closed its file regarding this Accident due to lack of communication from [Emami]. As a result, Zurich did not conduct discovery or investigate [Emami's]

13.

claimed injuries in the months or even year after the Accident. Defending against such claims numerous years after injuries allegedly occurred and treatment was received will make it difficult, if not impossible, to get accurate information regarding injuries suffered by [Emami] and necessary treatment actually caused by the Accident. Indeed, it is unknown if *any* injuries or conditions that [Emami] now alleges were actually caused by the 2011 Accident, or if they have arisen since that date. It will be difficult, if not impossible, to establish through treatment providers that saw [Emami] seven years ago whether his condition today can be attributed to the Accident, and to what extent..… In other words, [Emami's] delay in bringing his underinsured motorist claim has prejudiced Zurich's ability to defend against the claim at hand, and to ensure that benefits are only paid to the extent provided under its commercial auto policy."

Due to the extraordinary length of the delay here, we agree that Zurich's ability to adequately discover, investigate and verify the underlying medical issues and causes relating to Emami's claim has been negatively affected. More than that, we observe that Emami has failed to provide any reasonable explanation for his delay. Indeed, according to a declaration by Emami's attorney, Emami has been aware of his alleged need for left elbow surgery, but surgery has been prevented from year to year since at least 2013 due to complications from his high blood pressure and diabetes. This reflects that Emami knew of his elbow injury and his asserted need of surgery over those many years, and yet he failed to inform Zurich of such facts or of his intention to claim underinsured benefits for the same at any time until 2018.

Emami argues that waiver should not be found because there is not an adequate showing of prejudice. We disagree. The determination of what constitutes unreasonable delay for purposes of finding a waiver of the right to arbitrate depends upon the facts of a particular case, and prejudice is only one factor to be considered. (*Spear v. California State Auto. Assn.*, *supra*, 2 Cal.4th at p. 1043.) No single test controls. (*Davis v. Blue Cross of Northern California* (1979) 25 Cal.3d 418, 426; *St. Agnes Medical Center v.*

14.

*PacifiCare of California*, *supra*, 31 Cal.4th at p. 1195.) In some cases, prolonged unreasonable delay or inaction was enough by itself to result in a waiver. (*Allstate Ins. Co. v. Gonzalez*, *supra*, 38 Cal.App.4th 783, 793 [prolonged delay of more than three years to make formal demand to initiate arbitration process concerning an uninsured motorist claim held to be unreasonable under the circumstances, thereby giving rise to a waiver of the right to arbitration].) Here, in any event, due to the extraordinary length of the delay involved in this unique case, we are convinced the prejudice described by Zurich was much more than hypothetical.[4]

We conclude that Emami's 2018 demand for arbitration of its underinsured motorist claim was waived due to unreasonable delay. Our conclusion on this issue further establishes that the trial court correctly denied the petition.

## DISPOSITION

The order of the trial court is affirmed. Costs on appeal are awarded to Zurich.

---

[4] Zurich also argues the trial court's order should be affirmed on the additional grounds that laches and/or equitable estoppel created a bar or defense to coverage as a matter of law. We decline to reach such additional issues because they are unnecessary to our disposition of this appeal, and because those precise issues were never raised or presented in the trial court.

15.